**Larry LESLIE and Bonnie Leslie, Plaintiffs,**

v.

**Luke BRAMES, Defendant.**

**Misc. Civ. No. 87–0108–P.**

United States District Court, D. Maine.

March 10, 1988.

---

Elisabeth Belmont, South Portland, Me., for deponent Ralph Belmont, M.D.

Harrison L. Richardson, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

On August 24, 1987, at Defendant Brames' request, this Court served on Dr. Ralph Belmont a subpoena *duces tecum*, requiring him to disclose medical records documenting his treatment of Plaintiff Larry Leslie. Dr. Belmont moved to quash the subpoena, claiming he had no authorization from Plaintiff to turn over medical records. Defendant argued that Plaintiff had waived any privilege to which he may have been entitled by making his physical condition an element of his claim.

On December 11, 1987, this Court granted Dr. Belmont's Motion to Quash, finding the record before the Court insufficient to permit it to determine whether Plaintiff had waived his physician-patient privilege, and finding that even if Plaintiff had waived his privilege, Dr. Belmont had no authority to disclose Plaintiff's records without Plaintiff's express authorization or a court order.

Defendant has asked that the Court now reconsider its order quashing the subpoena. Defendant has submitted, with his Motion for Reconsideration, ample documentation to support his claim that Plaintiff has waived his physician-patient privilege by putting his condition in issue.[1] In his Complaint, Plaintiff Larry Leslie seeks to recover for injuries suffered in a traffic accident with Defendant. He alleges "that as a result of said collision, he suffered injuries to his head and back, causing him severe pain, mental anguish and permanent injuries and damages." He alleges, further, "that as a direct and proximate result of the Defendant's negligence and without any negligence on his part, Plaintiff, Larry Leslie has been permanently injured and disabled." The Court finds this sufficient basis to conclude that Plaintiff has waived his physician-patient privilege as to the injuries he suffered in the accident for which he seeks to recover.

Further, because Plaintiff claims permanent disability from the accident at issue, he has placed the cause and extent of that permanent disability in issue. Dr. Belmont did not treat Plaintiff for the injuries he suffered in the accident with Defendant. He did, however, treat Plaintiff over the years for Crohn's disease, a chronic intestinal illness. Plaintiff testified at deposition that he was discharged from the Marine Corps with a thirty percent disability because of his Crohn's disease. Dr. Belmont has monitored and treated Plaintiff's disease since his discharge, and has warned

---

1. Maine Rule of Evidence 503, which in subsection (b) establishes a physician-patient privilege against disclosure of confidential medical records, provides, in subsection (e)(3):

    There is no privilege under this rule as to communications relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which the condition of the patient is an element of the claim or defense of the patient.

him of the permanent physical limitations caused by the disease. In particular, Plaintiff has testified, Dr. Belmont has warned him that truck driving is unwise. Plaintiff was driving a truck when the accident at issue here occurred.

The Court finds that Plaintiff Larry Leslie's Crohn's disease could bear significantly on both the cause of the accident and the permanent disability Plaintiff allegedly suffers as a result of it. Because Plaintiff has placed both the cause of the accident and his permanent injuries from it at issue, he has waived his physician-patient privilege as to the permanent disability caused by his Crohn's disease, and as to his alleged unfitness for truck driving. Because Dr. Belmont treated him for the disease and advised him of his disease-related limitations, Dr. Belmont's records are, to this extent, not privileged.[2]

Accordingly, the Court ORDERS that Defendant's Motion for Reconsideration be GRANTED; that the Court's Order quashing the subpoena served on Dr. Ralph Belmont be WITHDRAWN; and that Dr. Ralph Belmont be, and is hereby, ORDERED to release to Defendant medical records in his possession relating to his treatment of Plaintiff Larry Leslie for Crohn's disease, *to the extent* such records reflect (1) Plaintiff Larry Leslie's permanent disability from Crohn's disease, and (2) the physical and vocational limitations Plaintiff's disease imposes upon him.

SO ORDERED.

---

2. The Court notes, in support of this conclusion, that Plaintiff's counsel in Ohio, George Crummey, was served with both the notice of deposition underlying the subpoena against Dr. Belmont, and with Dr. Belmont's Motion to quash. The record further indicates that Dr. Belmont himself informed Mr. Crummey that the subpoena had been served and that he would not release Plaintiff's medical records without Plaintiff's express authorization. Plaintiff was therefore clearly on notice, through his counsel, of the dispute between Dr. Belmont and Defendant over his medical records and whether or not a physician-patient privilege barred their release. Nevertheless, Plaintiff has made no effort, personally or through counsel, to acknowledge the dispute, assert the privilege, or authorize Dr. Belmont to release the records.