**JANE H., Petitioner,**

**v.**

**The Honorable Cynthia A. ROTHE, Judge of the District Court, Cass County, East Central Judicial District, Thomas L. Herzog, Jerry J. Baldwin, and Fargo Clinic, Ltd., a.k.a. MeritCare, Respondents.**

**Civ. No. 920101.**

Supreme Court of North Dakota.

Aug. 21, 1992.

Robert Vogel Law Office, P.C., Grand Forks, for petitioner; argued by Roger R. Sundling.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for respondents; argued by Wayne W. Carlson.

MESCHKE, Justice.

Jane H. (a pseudonym) petitioned this court for a supervisory writ directing the trial court to vacate a discovery order that compels Jane to disclose her chemical dependency treatment records. Because we conclude that the trial court must conduct an *in camera* inspection before ordering even limited disclosure of treatment

records that are privileged under federal law, we grant the petition, order the court to vacate the discovery order, and remand for further proceedings.

Jane and her husband sued Dr. Thomas Herzog, Dr. Jerry Baldwin, and the Fargo Clinic, Ltd. for medical malpractice, alleging that Dr. Herzog negligently performed gynecological surgery. They claim that Dr. Herzog failed to remove Jane's entire ovary at the time of the original surgery, necessitating a second surgery for removal of an ovarian remnant, and that Dr. Baldwin failed to properly interpret the removed tissue. Jane asserts that she suffered physical pain, emotional distress, and mental anguish as a result of the malpractice.

During discovery, Jane sought a protective order to prohibit disclosure of chemical dependency records about her treatment at three separate facilities. The defendants requested these records to determine if Jane's alleged pain and emotional distress were caused by her chemical dependency problem rather than by the alleged malpractice.

The trial court found that the three facilities where Jane received treatment are covered by the *Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970*, 42 USC § 290dd–3 (1991), and *The Drug Abuse Office and Treatment Act of 1972*, 42 USC § 290ee–3 (1991). These acts contain a detailed scheme for restricting disclosure of a patient's records about drug and alcohol abuse treatment at federally assisted facilities. The trial court found good cause for disclosure of Jane's treatment records, and ordered Jane to provide "complete records" to the defendants for the limited purpose "of discovery for this particular litigation." The court limited disclosure to the defendants, the defendants' legal counsel and staff, and the defendants' expert witnesses. Jane then petitioned this court for a supervisory writ to vacate the trial court's order.

■ Exercise of our original, supervisory jurisdiction is discretionary with this court, and that jurisdiction is exercised rarely and cautiously. *Polum v. North Dakota District Court*, 450 N.W.2d 761 (N.D.1990). Generally, we will grant a supervisory writ only to rectify errors or to prevent injustice when no adequate alternative remedy exists. *City of Fargo v. Dawson*, 466 N.W.2d 584 (N.D.1991). In this case the discovery order compels Jane to disclose treatment records that she contends are protected under federal law. The discovery order is not appealable, and she has no recourse but to comply by disclosing the records or risk being held in contempt. *Heartview Foundation v. Glaser*, 361 N.W.2d 232 (N.D.1985). *See also Marmon v. Hodny*, 287 N.W.2d 470 (N.D.1980). We conclude that this is an appropriate case to exercise our supervisory jurisdiction.

The defendants argue that Jane, by bringing this malpractice action and by pleading that her physical and mental health was affected, waived the physician-patient privilege under NDREv 503(d)(3), as applied in *Sagmiller v. Carlsen*, 219 N.W.2d 885 (N.D.1974). This evidence rule declares:

*Condition an Element of Claim or Defense.* There is no privilege under this rule as to a communication relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense....

Jane responds that, if she has waived protection of state law for disclosing these medical records, the protection of the federal law still applies. We agree.

■ The need to keep a patient's records of alcohol and drug treatment confidential is recognized under both federal and state law; they co-exist to regulate the disclosure of a patient's records about drug and alcohol abuse treatment. However, state law cannot allow disclosures that federal law prohibits.

If a disclosure permitted under these regulations is prohibited under State law, neither these regulations nor the authorizing statutes may be construed to authorize any violation of that State law. However, *no State law may either au-*

*thorize or compel any disclosure prohibited by these regulations.*

42 CFR § 2.20 (1991). [Emphasis added] This federal regulation clearly declares that state law may offer more, but not less, disclosure protection than the federal law. We must, therefore, determine if the trial court's disclosure order complies with the federal law.

Jane relies upon 42 USC § 290ee–3:

Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function ... shall ... be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

In this case, the referenced subsection (b) in the federal statute allows disclosure of the content of patient records only by court order showing "good cause" for the disclosure.

■ The federal regulations delineate the scope and breadth of the protected records. 42 CFR § 2.11 (1991) says:

*Records* means any information, whether recorded or not, relating to a patient received or acquired by a federally assisted alcohol or drug program.

42 CFR § 2.12 (1991) says:

*(a) General—(1) Restrictions on disclosure.* The restrictions on disclosure in these regulations apply to any information, whether or not recorded, which:

(i) Would identify a patient as an alcohol or drug abuser ... and

(ii) Is drug abuse information obtained by a federally assisted drug abuse program ... for the purpose of treating alcohol or drug abuse, making a diagnosis for that treatment, or making a referral for that treatment.

\* \* \* \* \* \*

*(e) Explanation of applicability—(1) Coverage.* These regulations cover any information (including information on referral and intake) about alcohol and drug abuse patients obtained by a program....

The scope of the information protected by these regulations is thus very broad.

The broad scope of this protection is illustrated by *Commissioner of Social Services v. David R. S.,* 55 N.Y.2d 588, 451 N.Y.S.2d 1, 436 N.E.2d 451 (1982). In *David,* the New York Court of Appeals held that patient medical information acquired by a drug treatment facility, even though unrelated to the patient's drug abuse or treatment, was protected under the federal law from disclosure, absent good cause. In *David,* a putative father defending a paternity action attempted to obtain medical records of the child's mother about her prior pregnancy and abortion. The mother received these services at a federally assisted facility that also performed drug and alcohol abuse counseling. The father intended to use the medical records to impeach the mother's credibility by showing that she was sexually promiscuous. Although the mother first visited the facility for pregnancy evaluation, the facility "expanded its assistance to her, providing diagnostic service with respect to drug abuse." She was therefore a "patient" under 42 CFR § 2.11 (1991), whose records at the facility were protected by the federal regulations. The court concluded that, under the federal regulations, all information in the mother's treatment records was confidential and could not be disclosed without a good cause order:

The alleged father asserts however that the protection of confidentiality afforded by the statute does not extend to records maintained by [the facility] with respect to any pregnancy or abortion of [the mother] but is limited only to those pertaining to drug abuse diagnosis or treatment.

Such a narrow interpretation of the statute is not mandated by its language....

\* \* \* \* \* \*

[T]he operation of [the facility] is a "drug abuse prevention function" within the language of the statute and ... the records it kept with respect to this patient's diagnosis, prognosis and treatment, whether for a drug-related condition or otherwise, are records "main-

tained in connection with the performance of" its drug abuse prevention function.... Broad interpretation furthers the objectives of the Federal statute addressing drug and alcohol abuse prevention, treatment and rehabilitation by not chilling the willingness or discouraging the readiness of individuals to come to facilities operated under the statute....

*David,* 451 N.Y.S.2d at 4, 436 N.E.2d at 454. So, all information in a patient's records at a treatment facility is protected from disclosure unless the court, upon proper application, finds good cause for disclosure.

■ The criteria for finding good cause is specified in the regulations:

*(d) Criteria for entry of order.* An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find that:

(1) Other ways of obtaining the information are not available or would not be effective; and

(2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

42 CFR § 2.64(d) (1991). Before disclosure can be ordered, the court must find that the information sought in the medical records is not available by other effective means. 42 CFR § 2.64(d) (1991). The court must also find that the public interest and need for disclosure of the material outweighs the potential injury to the patient. *Id.* A court should first examine the records *in camera* to see what information they contain, before deciding that good cause exists to disclose the information. *See Aetna Casualty & Surety Company v. Ridgeview Institute, Inc.,* 194 Ga. App. 805, 392 S.E.2d 286 (1990). In this case, we conclude that the trial court should have examined the records before deciding that good cause existed to order disclosure.

■ If the court finds good cause for compelling disclosure of information in the patient's treatment records, it must restrict the disclosure.

*(e) Content of order.* An order authorizing a disclosure must:

(1) Limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order.

(2) Limit disclosure to those persons whose need for information is the basis of the order; and

(3) Include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient's record has been ordered.

42 CFR § 2.64(e) (1991). If good cause is found the court must limit disclosure "to those parts of the patient's record which are essential...." 42 CFR § 2.64(e) (1991). Thus, another reason why the trial court needs to review the patient's records *in camera* is to appropriately limit disclosure.

■ In denying Jane's request for a protective order, the trial court found good cause to disclose her patient records, stating that "it appears to the Court that the information contained in the chemical dependency treatment records of [Jane H.] *may* have technical medical, psychological information which [Jane] herself would not be able to relate were she to be deposed...." [Emphasis added] The court found good cause without reviewing Jane's medical records and, consequently, without knowing exactly what information the records contained. Federal regulations expressly authorize an *in camera* examination of the records by the trial court. 42 CFR § 2.64(c) (1991). Under these circumstances, we conclude that it was error for the court to authorize disclosure without first examining the records.

■ "[C]onfidential communications made by a patient to a program" are given additional protection under the federal regulations. A court may authorize disclosure of those confidential communications only if:

\*  \*  \*  \*  \*  \*

(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

42 CFR § 2.63(a)(3). Under this specific regulation, "confidential communications made by a patient" while seeking and receiving drug abuse treatment cannot be disclosed even though the court has found "good cause" for disclosure of other information in the patient's records, unless the patient offers testimony or other evidence about those communications.

 This additional protection for disclosure of a patient's confidential communications has been literally interpreted by the federal courts. *Whyte v. Connecticut Mutual Life Insurance Co.*, 818 F.2d 1005 (1st Cir.1987); *United States v. Smith*, 789 F.2d 196 (3rd Cir.1986); *Local 738, International Brotherhood of Teamsters v. Certified Grocers Midwest, Inc.*, 737 F.Supp. 1030 (N.D.Ill.1990). A court cannot order disclosure of a patient's confidential communications merely because the patient has sued someone or has plead matters that seem related to the subject of the confidential communications. *Local 738, International Brotherhood of Teamsters.* Consequently, if Jane's medical records contain "confidential communications made by [Jane] to [the treatment facility]" the court must not allow disclosure of those communications unless, during the litigation, Jane offers testimony or other evidence about those confidential communications.

 The trial court concluded that the requirement for disclosing confidential communications was met because Jane's pleadings had raised questions "relating to her emotional and mental health" and because the alleged medical malpractice occurred during the same time that "Jane was undergoing treatment for chemical dependency." This is an inadequate basis, under 42 CFR § 2.63(a)(3) (1991), for disclosing Jane's confidential communications to the treatment facilities. *See*, for example, *Local 738, International Brotherhood of Teamsters*, 737 F.Supp. at 1033. Unless Jane, during the litigation, offers testimony or other evidence about her communications with a treatment facility, those communications must not be disclosed.

 When an order is sought for the disclosure of patient treatment records, both the patient and the person or agency holding the records must be given adequate notice and an opportunity to respond. 42 CFR § 2.64(b) (1991). The treatment facilities involved here were neither given notice nor represented at the hearing. Before disclosure is considered on remand, the treatment facilities must be notified and given an opportunity to respond.

We grant the supervisory writ, direct the trial court to vacate its discovery order, and remand for further proceedings consistent with this opinion.

Writ granted.

ERICKSTAD, C.J., VANDE WALLE, J., VERNON R. PEDERSON, Surrogate Judge, and ALLAN SCHMALENBERGER, District Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, and ALLAN SCHMALENBERGER, District Judge, sitting in place of LEVINE and JOHNSON, JJ., disqualified.