Regina O'BOYLE, Individually and as
Administratrix for the Estate of James
P. O'Boyle, Deceased, Plaintiff,

v.

Charles JENSEN, et al., Defendants.

No. 3:CV:92–1602.

United States District Court,
M.D. Pennsylvania.

Sept. 17, 1993.

Albert J. Flora, Wilkes–Barre, PA, for plaintiff.

Richard G. Fine and John T. Clary, Fine, Wyatt & Carey, Scranton, PA, for defendants.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Regina O'Boyle filed this civil rights action[1] individually and in her capacity as Administratrix for the Estate of James P. O'Boyle, deceased, alleging that the decedent's civil rights were violated by the conduct of Wilkes–Barre, Pennsylvania police officers following his arrest on September 14, 1991 for public drunkenness.[2] O'Boyle was found unconscious while in police custody and taken to a local hospital where he died a few hours later. Plaintiff alleges that his death was the result of injuries inflicted by officers of the Wilkes–Barre Police Department and their subsequent failure to obtain prompt medical attention for him.

Before the court is plaintiff's motion for a temporary stay, a protective order, and an order quashing subpoenas *duces tecum* and records deposition notices directed to medical care providers (Record Document No. 48). For the reasons discussed below, plaintiff's motion will be denied as to all records requested.

### DISCUSSION

#### Timeliness of record requests

Plaintiff argues that all of the outstanding subpoenas *duces tecum* issued by defendants should be quashed as untimely because the subpoenas were issued on July 31, 1993. Plaintiff points out that the scheduling order entered February 11, 1993 directs that all discovery be completed by August 3, 1993. The responses to defendants' record document requests were not due until August 13, 1993, which plaintiff asserts was ten days beyond the court's discovery deadline.

The subpoenas at issue are addressed to third parties, not to the plaintiff. The discovery deadline established by the court precludes parties from conducting any further discovery addressed to each other or requiring one another's presence or participation, e.g. discovery in the form of interrogatories or depositions. It was not intended to preclude, and does not preclude, parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side.

Plaintiff's request to quash the subpoenas as untimely will, therefore, be denied.

#### Federal privilege

█ Plaintiff also protests the release of certain medical records on the grounds that the information which they contain is privileged under federal and state statutory law. Privileges against disclosure survive the death of the party possessing them, but can, and should be waived, if it can be shown that waiver is in the best interest of the decedent. *State ex rel. Armstrong, Teasdale, Schlafly, and Davis v. Kohn*, 850 S.W.2d 86, 91 (Mo. 1993) (dissent) and *Leritz v. Koehr*, 844 S.W.2d 583, 584 (Mo.1993). Plaintiff sues individually and in her capacity as Administratrix of O'Boyle's estate. She has the capacity as O'Boyle's personal representative to assert or waive privileges he possessed against disclosure.

█ Plaintiff asserts that some of the records which defendants have subpoenaed contain references to treatment for drug and alcohol abuse undergone by O'Boyle. Federal law prohibits the release of medical records disclosing treatment for drug or alcohol abuse and declares such records confidential. Section 290dd–2(a) of Title 42 provides:

Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation or

---

1. 42 U.S.C. § 1983.

2. 18 Pa.Cons.Stat.Ann. § 5505.

research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

42 U.S.C. § 290dd–2(a). Release of such records is authorized pursuant to a court order issued upon a showing of good cause. The statute provides that in assessing whether good cause exists, "the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C. § 290dd–2(b)(2)(C). It also provides that in making its determination, the court should consider imposing appropriate safeguards to guard against unauthorized disclosures. *Id.* See also: 42 C.F.R. §§ 2.1 to 2.67.

Here, we find that good cause exists for release of the records. Plaintiff is suing to recover for the death of O'Boyle as a result of injuries he allegedly received while in police custody. The cause of death is at issue. It is plaintiff who filed this action placing in controversy the cause of O'Boyle's death. It would be incongruous now to permit her to invoke a privilege to prevent the release of medical records which may have a direct bearing on that issue. Chronic alcoholism and drug abuse unquestionably have a physical, as well as a mental and emotional, impact on their sufferers. The possibility cannot be ruled out at this stage that O'Boyle's death may have resulted from a pre-existing condition related to alcoholism or drug abuse. We therefore find that good cause exists for the release of the records and that federal statutory and regulatory law do not mandate their continued concealment.

Our ruling goes only to the discoverability of the records at issue. Whether the records will be admissible at trial is an entirely separate issue on which we make no ruling at this time.

3. Pa.Stat.Ann. tit. 71, §§ 1690.101–1690.115.

### Pennsylvania privilege

■ Pennsylvania law places additional restrictions on the release of alcohol/drug abuse treatment records. The Pennsylvania confidentiality statute tracks federal law to the extent the patient records sought were "prepared or obtained" pursuant to the Pennsylvania Drug and Alcohol Abuse Control Act[3], providing for the release of such records upon a showing of "good cause". Pa.Stat.Ann. tit. 71, § 1690.108(b). Section 1690.108(b) provides, in relevant part:

> All patient records ... prepared or obtained pursuant to this act, [the Pennsylvania Drug and Alcohol Abuse Control Act] shall remain confidential, and may be disclosed only with the patient's consent ... Disclosure may be made for purposes unrelated to ... treatment or benefits only upon an order of a court of common pleas after application showing good cause therefor. In determining whether there is good cause for disclosure, the court shall weigh the need for the information sought to be disclosed against the possible harm of disclosure to the person to whom such information pertains, the physician-patient relationship, and to the treatment services, and may condition disclosure of the information upon any appropriate safeguards. . . .

*Id.*

However, unlike the federal statute, the Pennsylvania statute provides that if the records sought are in the possession of a "private practitioner, hospital, clinic, drug rehabilitation or drug treatment center" as they are in this case, such records:

> shall remain confidential and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's con-

sent to proper medical authorities solely for the purpose of providing medical treatment to the patient.

Pa.Stat.Ann. tit. 71, § 1690.108(c). There is no provision in this section comparable to that found in the federal statute and in Pennsylvania section 1690.108(b) providing for the release of the treatment records by court order upon a showing of good cause.

Despite the absence of such a provision, we find that the records which defendants seek are discoverable because the privilege conferred by section 1690.108(c) has been waived. Plaintiff waived the privilege by filing this action to recover for O'Boyle's death. See: *Manion v. N.P.W. Medical Center of N.E. Pennsylvania*, 676 F.Supp. 585, 593 (M.D.Pa.1987) and *Dennie v. University of Pittsburgh School of Medicine*, 638 F.Supp. 1005, 1008 (W.D.Pa.1986).

It has long been established that the privilege of confidentiality in medical records "evaporates" when the patient brings a personal injury action which calls into question his physical or mental condition. *Dennie, supra*, 638 F.Supp. at 1008, citing 42 Pa. C.S.A. § 5929 (Purdon's 1986). The filing of the suit operates as an implied waiver of the privilege. *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 145 (E.D.Pa.1993) (Plaintiff implicitly waived psychologist-patient privilege, 42 Pa.Cons.Stat.Ann. § 5944 (Supp.1993), under Pennsylvania law by placing his mental health directly at issue).

The absence of an express statutory provision excepting civil litigation from the privilege conferred by section 1690.108(c) does not preclude a finding of waiver in this instance. Waiver has been found in other contexts in which the statute conferring the privilege did not provide for automatic waiver when civil litigation, which places the records at issue, is initiated. In *Thorne v. Universal Properties, Inc.*, Civ. No. 86–0333, slip op. at 2 n. 2, 1987 WL 7683 (E.D.Pa. March 10, 1987), after noting that "unlike the statute governing disclosures by physicians", 42 Pa.Cons.Stat.Ann. § 5929, the statute governing disclosures by licensed psychologists, 42 Pa.Cons.Stat.Ann. § 5944, does not "expressly provide for the patient's waiver of the privilege by placing her condition at issue in

litigation", the court went on to state that section 5944 does not create an absolute privilege, adding "that it would be improper" to permit disclosure of such records only upon written consent of a patient who intends to pursue a claim to which those records are relevant.

■ Moreover, statutorily-created privileges are not absolute. The privilege conferred must be balanced against countervailing interests in insuring the fairness and integrity of the judicial system. The state's "compelling interest" in insuring that the truth is revealed in the course of the adversarial process justifies an implied waiver of privilege. *Caesar v. Mountanos*, 542 F.2d 1064, 1069 (9th Cir.1976) and *Premack, supra*, 148 F.R.D. at 145, citing *Miller v. Colonial Refrigerated Transportation, Inc.*, 81 F.R.D. 741, 747 (M.D.Pa.1979).

The effect of those concerns in this case is obvious. O'Boyle died for unexplained reasons. The possibility cannot be ruled out at this stage that he died as a result of a medical condition related to or brought on by a history of alcohol problems. Barring defendants from exploring that possibility in preparing their defense to plaintiff's allegations would be manifestly unfair and grossly prejudicial. Plaintiff cannot pursue a claim against defendants for O'Boyle's death while denying them all access to medical/treatment records potentially relevant to the key issue of causation. See: *Leslie v. Brames*, 682 F.Supp. 608, 609–10 (D.Me.1988) and *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (E.D.Pa.1983) (Plaintiff asserted a claim for severe physical and emotional distress due to employment discrimination. The district court held that defendants had "a clear right to make a searching inquiry into plaintiff's past for the purpose ... of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way 'job-related' ").

■ Finally, although Pa.Stat.Ann. tit. 71, section 1690.108(b) provides for disclosure only upon issuance of an order by a court of common pleas of Pennsylvania, that provision is not a bar to issuance of a valid order by

this court. While this court is obviously not a Pennsylvania court, federal courts have been held, in other contexts, to have an equal right in matters properly before them to grant relief which state courts are authorized to provide. Moreover, our decision permitting release of the records is based on plaintiff's waiver of the privilege by filing this action. Waiver applies independently of the statute and regardless of the court in which an action is filed. "Where the patient has acted to raise a public issue over his medical condition and has invoked the jurisdiction of federal court to resolve the issue, the privilege under state law vanishes and the patient has waived confidentiality." *Dennie, supra,* 638 F.Supp. at 1008.

We are aware of only one Pennsylvania state court decision addressing the applicability of section 1690.108(c) to circumstances similar to those presented here. In *Edwards v. Grumman Allied Industries, Inc.,* 2 D & C 4th 464 (Lyco. Co. 1988), the Court of Common Pleas of Lycoming County (Raup, P.J.) held that section 1690.108(c) barred disclosure of a patient's drug and alcohol treatment records, since such records may be disclosed only for purposes of diagnosis, treatment or certain emergencies. Disclosure was barred, the court ruled, where the records were sought in a wrongful death action filed by the decedent's parents for purposes of showing that decedent's use of drugs and alcohol had an impact on his life expectancy. We are not compelled to follow courts of common pleas decisions, and with all due respect, decline to do so in this instance. *Edwards, supra,* did not discuss the issue of waiver which we find dispositive here and for that reason, we decline to follow its holding.

### Patient-physician privilege

■ Plaintiff also asserts a privilege against disclosure under the Pennsylvania general patient-physician privilege set forth at 42 Pa.Cons.Stat.Ann. § 5929, which provides, in relevant part:

No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

By filing a personal injury action, the plaintiff-patient waives the privilege and, in effect, implicitly consents to the disclosure of medical records. *Moses v. McWilliams,* 379 Pa.Super. 150, 161, 549 A.2d 950, 956 (1988). By filing this action to recover for O'Boyle's death, plaintiff waived the right to assert physician-patient privilege as a bar to disclosure of O'Boyle's medical records.

### Relevancy

■ Plaintiff also challenges defendants' record document requests on relevancy grounds. She argues that O'Boyle's medical history has no bearing on the issues before the court.

We disagree. The relevancy of the materials sought is clear. O'Boyle was arrested and taken into custody for public intoxication. Following his arrest, he was taken to the emergency room of a nearby hospital and released into police custody. A few hours later, O'Boyle was found unconscious while still in police custody and died shortly thereafter at a local hospital. It is the court's impression, based on the pleadings, that the cause of death is not obvious. Under the circumstances, defendants have the right to explore the possibility that plaintiff died because of a pre-existing medical condition or for other reasons unrelated to his treatment while in police custody. Defendants are unquestionably entitled to inquire into O'Boyle's medical history to determine whether he died as a result of a pre-existing medical condition or an unrelated medical problem.

### Summary

No privilege bars the disclosure of O'Boyle's medical records pertaining to his medical condition or treatment for drug or alcohol abuse from the defendants. Plaintiff waived the right to assert privileges against disclosure of such records by filing this action. While the privilege has been waived for discovery purposes, this does not grant

defendants *carte blanche* to utilize or disclose the records in any manner they see fit. The court has ruled only on the discoverability of the records. Their admissibility at trial is a separate issue which will be addressed at the time of trial. Further, restrictions will be placed on defendants' use and disclosure of the records they receive under the terms of this memorandum and the accompanying order to guard against unwarranted disclosure of plaintiff's medical/treatment history.

### ORDER

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Plaintiff's motion for a temporary stay, a protective order, and an order quashing subpoenas *duces tecum* and records deposition notices directed to medical care providers (Record Document No. 48) is denied.

2. Defendants' right to subpoena and receipt of plaintiff's medical/treatment records is strictly conditioned on the following:

(a) The term "covered persons" as used in this order refers to: the court; counsel for defendants in this matter, associates, assistants or other employees in his or her law firm or experts retained by defendants to assist in the review and analysis of medical/treatment records. It does not include any other persons.

(b) The term "records" as used in this order refers to: all medical/treatment records concerning James P. O'Boyle disclosed pursuant to a subpoena issued by any defendant in this action.

(c) Defendants' counsel may disclose the records and their contents only to covered persons, and may not file copies of them, or recite the contents, in any filed document without leave of court.

(d) With the sole exception noted below, the records and their contents may not be revealed to, or discussed with, or in the presence of, any one other than covered persons. Covered persons are prohibited from revealing the contents of the records, or any portion thereof, to any one who is not a covered person under this order.

(e) Covered parties are responsible for ensuring that the provisions of this order are met and that all safeguards imposed are carried out.

(f) This protective order shall remain in effect in perpetuity or until modified by a subsequent order.

(g) Defendants' counsel shall advise all covered persons given access to the records of the terms and conditions of this order, explain to them the prohibitions imposed on them, and provide them with a copy of this order. Defendants' counsel shall keep a record of all persons given access to the records, and shall have all covered persons given access to the records, or information they contain, sign a statement acknowledging their understanding of the confidentiality conditions imposed.

(h) Counsel shall have all such persons sign a statement which reads as follows:

I understand that my access to these records or transcripts and my right to review them are circumscribed by the conditions of the confidentiality order issued September 17, 1993 by the United States District Court for the Middle District of Pennsylvania, and by signing this statement, I acknowledge that I have read the order, or had its contents explained to me by an attorney, and that I understand the terms and conditions it imposes. I agree to abide by all such terms and conditions.

(i) Anyone refusing to sign the statement shall be denied access to the documents and their contents.

3. If defendants intend to introduce at trial the records covered by this order, they are directed to file a motion in limine on the admissibility of such evidence prior to trial.

4. The Clerk of Court is directed to fax a copy of this order to counsel.