896 F.Supp. 179 (1994)
John MULHOLLAND and Pamela Mulholland
v.
DIETZ COMPANY and Entwistle Corporation.
Civ. A. No. 94-3517.
United States District Court, E.D. Pennsylvania.
December 5, 1994.
Harry J. Oxman, Oxman, Levitan & Goodstadt, Philadelphia, PA, for John Mulholland and Pamela Mulholland.
Stephen M. Calder, Palmer Biezup & Henderson, Philadelphia, PA, for Dietz Co. and Entwistle Corp.
A. Gale Seider, Davis, Riter, Parry & Hartmann, Philadelphia, PA, for Livengrin Foundation, Inc.

ORDER-MEMORANDUM
LUDWIG, District Judge.
AND NOW, this 5th day of December, 1994, Livengrin Foundation, Inc.'s motion for a protective order under Fed.R.Civ.P. 26(c) is denied.
By order of November 1, 1994 Livengrin Foundation was directed to release the medical records of plaintiff John Mulholland for in camera review.[1] Livengrin Foundation subsequently moved for a protective order, citing federal and state confidentiality statutes. 42 U.S.C.A. § 290ee-3;[2] 71 Pa.C.S. § 1690.108(c). Jurisdiction is diversity. 28 U.S.C. § 1332.
Whether or not federal or state law is controlling appears to be immaterial. The records of patients who participate in federally-related substance abuse programs are *180 statutorily deemed to be confidential. 42 U.S.C. § 290ee-3. Under subsection (b)(2)(C) of this statute, however, disclosure of such records is allowed upon a judicial finding of "good cause." The filing of a lawsuit may constitute "good cause" where the claim itself implicates plaintiff's physical or mental condition. See O'Boyle v. Jensen, 150 F.R.D. 519, 521 (M.D.Pa.1993)[3] (incongruous to prevent disclosure that may have direct bearing on issue).
Under Pennsylvania statutory law there is no "good cause" exception. Nevertheless, a similar rationale applies. The "privilege of confidentiality in medical records `evaporates' when the patient brings a personal injury action which calls into question his physical or mental condition." O'Boyle, 150 F.R.D. at 521-22; Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 145 (E.D.Pa.1993). Since the privilege is not absolute, it is subject to waiver,[4] including an implied waiver by the filing of a lawsuit. O'Boyle, 150 F.R.D. at 522-23; Premack, 148 F.R.D. at 145; Dennie v. Univ. of Pittsburgh Sch. of Medicine, 638 F.Supp. 1005, 1008 (W.D.Pa.1986).[5]
Here, plaintiff husband, in an action for personal injuries, admits to having had an alcohol and drug problem at the time of the accident and to receiving treatment at Livengrin shortly thereafter. Defendant's brief in opposition to Livengrin's motion for protective order, exhibits A, B. That plaintiff's injuries may have been caused in whole or part by his own conduct is enough to show "good cause" under the federal statute. It demonstrates an important need for the disclosure. See 42 U.S.C. § 290dd-2(b)(2)(C). Analogously, there is also an implied waiver of the state privilege of confidentiality. By ordering in camera review, "appropriate safeguards against unauthorized disclosure" will be effectuated. 42 U.S.C. § 290dd-2(b)(2)(C).
NOTES
[1] Plaintiff and Livengrin Foundation had objected to defendant's subpoena of the records.
[2] This section was superceded in 1992 by § 290dd-2, which is identical. 42 U.S.C. § 290ee-1, 2, 3 (Supp.1994).
[3] O'Boyle discusses good cause under 42 U.S.C. § 290dd-2. See supra note 2.
[4] Whether or not the privilege is properly asserted by a treatment program such as the present movant is not decided here.
[5] Given that the Pennsylvania Supreme Court has not ruled on this question, this delineation of the law amounts to a prediction of what that court would decide if it were to resolve the issue. Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir.1993).