STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
YORK, ss.                               DOCKET NO. CV-00-022

                                        GAB-YOR-12/12/2000

DAWN HAYCOCK, et al

DONALD L. GARBRECHT
                                        LAW LIBRARY

         v.                    ORDER

DEC 18 2000

BARRY MURPHY


                              FACTS

This case arises out of Plaintiffs' tenancy in a home formerly owned by Defendant Murphy in Old Orchard Beach. The Complaint contains three counts: breach of implied warranty of habitability (Count I), infliction of emotional distress (Count II) and unsafe premises (Count III). Counts I & II relate to Plaintiff Dawn Haycock and Count III relates to a injury allegedly suffered by Dawn Haycock's minor child, Kristen Haycock.

In Count II of the Complaint Dawn Haycock alleges that she suffered from emotional distress as a result of her dealings with Murphy. In her Answers to Interrogatories, Dawn Haycock indicated that her injuries are emotional in nature. Haycock also indicated that she received counseling at Jackson Brook Institute, CrossRoads and McGeachey Hall. Defendant claims that Haycock's treatment records are discoverable, and Haycock argues that such records are confidential pursuant to 42 U.S.C. § 290dd-2.

1

## DISCUSSION

The legislative history of § 290dd-2 is set forth in 1972 U.S. Code Congressional and Administrative News. That history says, in part:

[t]he strictest adherence to the provisions of this section is absolutely essential to the success of all drug abuse prevention programs. Every patient and former patient must be assured that his right to privacy will be protected. Without that assurance, fear of public disclosure of drug abuse or of records that will attach for life will discourage thousands from seeking the treatment they must have if this tragic national problem is to be overcome.

1972 U.S.C.C.A.N. 2072.

42 U.S.C. § 290dd-2(a) states[1]:

(a) Requirement

Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under (b) of this section.

Subsection (b) of § 290dd-2 limits permissible to disclosure to: (1) occasions when there is consent; (2) in a medical emergency; (3) for scientific research and; (4) by court order. In the latter instance, the only one that applies in this case, the court must make a finding of good cause before ordering disclosure:

If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.

---

[1]This statute was originally enacted as 21 U.S.C. § 1175, then amended and codified as 42 U.S.C. § 290ee-3 which was then transferred to the present section 42 U.S.C. § 290dd-2. See 42 C.F.R. § 2.1.

2

Section 290dd-2(b)(2)(C).

Section 290dd-2(g) expressly authorizes the Secretary of the Department of Health and Human Services to prescribe regulations to carry out the purposes of this statute. Pursuant to that authority, the Secretary has promulgated regulations. 42 C.R.F. §§ 2.1-2.67.

42 C.F.R § 2.64, entitled "procedures and criteria for orders authorizing disclosures for noncriminal purposes," allows for a court to order disclosure of patient records upon a showing of good cause. Section 2.64(d) explains the criteria for the entry of a court order. To make a determination that good cause exists, the court must find that:

(1) Other ways of obtaining the information are not available or would not be effective; and
(2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

Section 2.63 of the regulations, entitled "confidential communications," is also pertinent to the present case:

(a) A court order under these regulation may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment only if:

(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

As shown by the legislative history, the statute and governing regulations, there is "a strong presumption against disclosing records of this kind." United States v. Cresta, 825 F.2d 538, 551-52 (1st Cir. 1987). The party requesting the production of the records carries the burden of establishing "good cause" to require disclosure of

substance abuse counseling records. Id. at 552.

The caselaw regarding § 290dd-2 and the corresponding regulations is not uniform. In fact, three different categories can be identified regarding the proper application of § 290dd-2 and the regulations.

In the first group are cases identified by Defendant Murphy, who argues that he meets the good cause requirement outlined in 42 U.S.C. § 290dd-2(b)(2)(C). Murphy cites Mulholland v. Dietz Company, 896 F.Supp. 179, 180 (E.D. Pa. 1994) for the proposition that the filing of a lawsuit may constitute "good cause" where the claim itself implicates plaintiff's physical or mental condition. Id. at 180. Murphy argues that both criteria of the good cause requirement of 42 C.F.R. § 2.64(d) are met in this case.

The second group includes one case that was identified by Haycock. Haycock, citing 42 C.F.R. § 2.63(a)(3), argues that unless and until Haycock offers testimony or other evidence pertaining to the content of her communications to her counselors at Jackson Brook Institute, CrossRoads, and Kimball Health Services, the requirements of § 2.63(a)(3) have not been met and records cannot be disclosed. This reasoning is supported by In re Arbitration, 737 F.Supp. 1030 (N.D. Ill. 1990), where the Court held that a court cannot compel the disclosure of otherwise privileged records unless and until the patient has waived his privilege by means of offering testimony or other evidence pertaining to their contents. Id. at 1034.

In the third group of cases, the courts have read 42 C.F.R. § 2.63 and § 2.64 together. Whyte v. Connecticut Mutual Life Insurance Co., 818 F.2d 1005 (1st Cir.

4

1987) is representative of this interpretation of § 290-dd and the corresponding regulations.[2] In <u>Whyte</u>, a magistrate found that the defendant had established good cause to disclose records relating to treatment. However, the magistrate concluded that 42 C.F.R. § 2.63 limited disclosure to "objective data" only, and that statements made during treatment could not be released. <u>Id</u>. at 1009. The First Circuit agreed and upheld the authorization of the release of "sanitized copies" of the records. The Court further stated that: "[t]he regulations are clear that only objective data may be disclosed . . . Section 2.63 makes clear that waiver can occur only '[w]hen a patient in litigation offers testimony or other evidence pertaining to the content of his communications with a program.'" <u>Id</u>. at 1010.[3] However, without access to the complete set of records, the trial court would be unable to determine if Ms. Haycock offers evidence pertaining to the content of otherwise confidential communications.[4]

---

[2]<u>See also</u> <u>Fannon v. Johnston</u>, 88 F.Supp.2d 753 (E.D. Mich. 2000); <u>Jane H. v. Rothe</u>, 488 N.W.2d 879 (N.D. 1992); <u>Mahoney v. Village of Fox Lake</u>, 1990 WL 251808 (N.D. Ill.).

[3]In <u>Whyte</u> the plaintiff was the wife of a man who died of an apparent suicide. In discovery, the defendant sought the deceased's substance abuse records and plaintiff refused, citing 290dd-2. Defendant Murphy argues that <u>Whyte</u> is not binding or persuasive here because the plaintiff in <u>Whyte</u> did not waive the deceased's privilege by filing the lawsuit, whereas here, Haycock herself put her emotional health directly at issue by filing a lawsuit and alleging emotional harm. However, the First Circuit's opinion in <u>Whyte</u> cannot be read so narrowly. For example, the Court stated that: "[e]ven if Mrs. Whyte is substituted in the place of her husband, the patient, for purposes of this waiver provision, it is beyond question that she did not put 'the content of his communications' with Beech Hill Hospital in question during the trial, and therefore no waiver occurred." <u>Whyte v. Connecticut Mutual Life Insurance Co.</u>, 818 F.2d at 1010.

[4]The regulations expressly authorize an <u>in camera</u> examination of the records by the trial court. 42 C.F.R. § 2.64(c). Several courts have cautioned that a court should first examine the records <u>in camera</u> to see what information they contain before authorizing disclosure. <u>See, e.g.</u>, <u>Jane H. v. Rothe</u>, 488 N.W.2d 879, 883 (N.D. 1992); <u>In re B.S.</u>, 659 A.2d 1137, 1141-42 (Vt. 1995).

Therefore, counsel for Ms. Haycock is ordered to submit a complete set of the contested records to the court for in camera review. The court will release "objective data"[5] from the records to the defense and reserves the right to release "content of communications" information to the defense following in camera review before trial or during trial, depending on the evidence offered by Ms. Haycock.

Dated:    December 12, 2000

G. Arthur Brennan
Justice, Superior Court

---

[5]The requirements of 42 U.S.C. § 290dd-2(a) and 42 C.F.R. § 2.63(a) apply only to confidential treatment information, namely, the identity, diagnosis, prognosis, or treatment of an individual's substance abuse and not to underlying objective facts. See, e.g., Fannon v. Johnston, 88 F.Supp.2d 753, 760 & n. 6 (E.D. Mich. 2000). Objective facts may include, for example, dates of enrollment, discharge and attendance.