Dear Mr. Perez:
This office has received your opinion request containing the following questions:
1) When presented with an arrest warrant, to what extent may a program/treatment facility cooperate with local law enforcement?
2) Is local law enforcement required to obtain a court order pursuant to the procedures set forth in 42 C.F.R. § 2 et seq. when making an arrest of an individual being treated at a treatment facility?
3) What are a program/treatment facility's responsibilities if it has not been notified in advance and local law enforcement presents a bench warrant for failing to appear on underlying charges of possession of a controlled substance, possession of a weapon or probation violation?
4) Would it be permissible for a program/treatment facility, when presented with a valid arrest warrant, to call the unknowing patient to the front office where law enforcement officials are waiting to execute the arrest warrant or would such a procedure violate 42 C.F.R. § 2 et seq.?
The simple acknowledgement of an individual's presence at a facility may not necessarily be included under the definition of "disclosure of records" as it is found in 42 C.F.R. § 2.11. Although the statute does specify that a record can be information that is recorded or not recorded, the acknowledgement of an individual's presence at a facility is not necessarily a communication that the individual is receiving treatment at the facility and might not fall under the statute. Additionally, if the police officers have an arrest warrant for the individual and already know or have reason to believe that the individual is at the facility, mere acknowledgement that the individual is there may not be a disclosure of the patient's record under the statute.
Generally whenever there is a conflict between federal law and state law, the federal law will take priority over the state law. This would seem to mean that 42 U.S.C.A § 290dd-2 would be the law to which the facilities should look first before the state law concerning arrest. However, as you pointed out in your request letter, the intent of the legislature in enacting the federal records confidentiality statute was not to make these treatment facilities a safe harbor from arrest, but rather, to encourage individuals dealing with drug or alcohol addictions to seek treatment. Mosier v. American Home Patient, Inc., N.D. Fla. 2001, 170 F. Supp.2d 1211.
18 U.S.C.A § 1071 illustrates this point by providing penalties for the act of concealing someone from arrest.
18 U.S.C.A § 1071 reads as follows:
§ 1071. Concealing person from arrest
Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant of process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine of [sic] under this title, or imprisonment for not more than five years, or both.
Furthermore, according to pertinent state law, there are virtually no restrictions on the time or place of an arrest.
LA C.Cr.P. Art. 216 reads as follows:
Art. 216. Time and place of making arrest
An arrest may be made on any day and at any time of the day or night, and at any place.
LA C.Cr.P. Art 224 reads as follows:
Art. 224. Forcible entry in making arrest
In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling, or other structure, movable or immovable, where the person to be arrested is or is reasonable believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest.
In other words, not only can an arrest be made at any place at any time, but forcible entry also may be used to make an arrest if necessary.
Additionally, there are exceptions to 42 U.S.C.A § 290dd-2 under the theory of "good cause."
In Mulholland v. Dietz Co., E.D.Pa. 1994, 896 F. Supp. 179, a personal injury plaintiff's medical records were subject to disclosure when the plaintiff had admitted to having a drug problem at the time of the accident and defendants alleged that the plaintiff's injuries may have been caused by his own conduct.
In U.S. v. Hopper, D.C.Ill. 1977, 440 F. Supp. 1208, the court held that where the defendant had been convicted of distribution of heroin, where he had been placed on probation and ordered to participate in community oriented drug program, and where uninalysis performed at correction center indicated positive reaction for morphine-quinine, Government's request for subpoena duces tecum directed to hospital at which the drug program was conducted would be granted.
In O'Boyle v. Jensen, M.D.Pa. 1993, 150 F.R.D. 519, good cause existed for release of arrestee's medical records during discovery in § 1983 action to recover for arrestee's death while in police custody, even though records contained reference to treatment for drug and alcohol abuse and were therefore confidential; possibility could not be ruled out that death resulted from preexisting condition related to alcoholism or drug abuse.
In People v. Silkworth, N.Y. City Crim. Ct. 1989, 538 N.Y.S.2d 692,142 Misc.2d 752, good cause for release of a probationer's drug treatment records to the Department of Probation without his consent was found because of the strong public interest in having person's convicted of crime complete their sentences and the need for enhanced supervision by the Department and the court.
In light of the state arrest statutes providing that an arrest can take place anywhere at any time and forcible entry can even be used, it would likely be found that there is a strong public interest in allowing police to carry out their duties of arrest unimpeded and that this interest outweighs any harm that may come from allowing the police officers to enter a facility and go and get the individual for whose arrest they have a warrant.
It likely would be permissible for a program/treatment facility, when presented with a valid arrest warrant, to call the unknowing patient to the front office where law enforcement officials are waiting to execute the arrest warrant.
In conclusion, it is the opinion of this office that the treatment facilities in question should cooperate to the fullest extent with local law enforcement officers who have an arrest warrant for an individual at such facility.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ JAMES L. PIKER ASSISTANT ATTORNEY GENERAL
JLP/cs/jy
Date released: May 22, 2003
 JAMES PIKER ASSISTANT ATTORNEY GENERAL