# Hepler v. Alvis

*Charles D. Mandracchia,* for plaintiff.
*Robert A. Lerman* and *William J. Peters,* for defendants.

KENNEDY, *J.,* August 4, 2003—

## PROCEDURAL BACKGROUND

This matter is before the court pursuant to a motion by the defendants, Kevin Alvis and Rick Klinger, for a court order to compel the depositions of psychiatrist Dr. Theresa Williams and psychologist Ms. Lori Dilling.

## FACTUAL BACKGROUND

The following are the material facts of the case as determined from the court record. The plaintiff, Brendalee Hepler, is an adult female, who since the age of 14 had been attending The Bible Baptist Church of York. The

church is an active religious entity that conducts various religious activities. Defendant, Kevin Trout, was the senior pastor at the church during the time of the alleged assaults. Defendant, Kevin Alvis, was the assistant pastor of the church, and defendant, Rick Klinger, was a volunteer bus driver during all relevant times pertaining to this lawsuit.

Throughout the plaintiff's patronage of the church, she engaged in private counseling sessions with Alvis. During the 1996 year the plaintiff did not attend church services, and was away attending college. The plaintiff began attending the church again in 1997.

The plaintiff relied almost solely on church-provided transportation to attend church services and functions. This church transportation was often provided by either Alvis or Klinger.

The plaintiff asserts that throughout 1998, between the ages of 20 and 21, she was sexually assaulted on multiple occasions by both Alvis and Klinger, although not at the same time. The plaintiff asserts that as a direct result of the sexual assaults, she has constant fear of being alone and in the dark, has difficulty sleeping, experienced nightmares for over a year after the incidents and has been forced to undergo psychological therapy to deal with the physical and mental trauma she has suffered. (Complaint, para no. 44.)

The plaintiff is seeking compensatory damages of a general and non-specific nature, and punitive damages for the wanton and outrageous conduct of the defendants.

## DISCUSSION

The defense seeks to compel the depositions of two mental health professionals who participated in Ms.

Hepler's treatment. The discovery sought by the defendants in their motion, pertains to Ms. Hepler's psychological condition before and after the alleged assaults. The plaintiff asserts that the medical records concerning Ms. Hepler's treatment by psychiatrist, Theresa Williams and by psychologist Lori Dilling have already been released, and to further allow depositions to be taken of these treating mental health professionals is beyond the scope of discovery allowed. The defendants argue however, that the depositions they have requested are well within the scope of legitimate discovery and therefore they should not be barred from further forms of discovery with these witnesses.

The plaintiff asserts various arguments on why the defendants should not be allowed such discovery depositions. Plaintiff's three main arguments are: (1) psychiatrist Dr. Williams and psychologist Ms. Dilling may not be deposed because the communications between them and the plaintiff are privileged; (2) the plaintiff may call Dr. Theresa Williams and Ms. Lori Dilling as expert witnesses in the future and therefore they may not be deposed; and (3) only medical records are subject to discovery, and therefore Dr. Williams and Ms. Dilling may not be deposed. The court will address these three main premises individually.

*The privilege of confidentiality of communications to licensed psychologists and psychiatrists created by 42 Pa.C.S. §5944 is not absolute, and this privilege is waived by a patient who puts his or her mental condition at issue.*

The plaintiff argues that under the privilege of psychiatric treatment, a doctor is not allowed to testify, and

that furthermore, allowing discovery into the privilege and protected rights of a psychiatrist's/psychologist's treatment "puts a chilling affect" on any treatment in the future by a victim. The court disagrees with this assertion. First, the court notes that a privilege of confidentiality between a psychiatrist, psychologist or mental health professional, and her patient has been clearly granted by 42 Pa.C.S. §5944 of the Pennsylvania Code, and that this privilege shields both testimony and records from discovery, absent the consent of the patient. Section 5944 of 42 Pa.C.S. states:

. "No psychiatrist or person who has been licensed under the Act of March 23, 1972 (P.L. 136, no. 152), to practice psychology shall be, without the written consent of his client, examined in a civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client." 42 Pa.C.S. §5944.

However, it has become accepted in Pennsylvania that the privilege pertaining to the confidentiality of communications to licensed psychologists and psychiatrists is waived by a patient who puts his or her mental condition at issue. *Loftus v. Consolidated Rail Corp.,* 12 D.&C.4th 357 (1991); and *Russell v. Commercial Union Insuance Co.,* 9 D.&C.4th 632 (1991). See also, Charles Gibbons, 5 West's Pa. Prac., Disc. §2.13; and Susan Thomas and Edward Esping, 9 Standard Pennsylvania Practice 2d §54:90. Where mental injuries are claimed, a plaintiff confronted with a discovery request must either

waive the privilege and release her psychiatric records or be barred from pursuing that claim. *Loftus,* 12 D.&C.4th 357 (1991).

In the case at bar, the plaintiff is mainly seeking damages for psychological harm, proof of which is difficult to present absent some clear clinical manifestation of harm. It is this difficulty that is at the heart of civil suits for emotional damages. The main problem this court has with the plaintiff's contentions is that she is the person asserting that she has suffered severe physical and emotional distress and harm.

The plaintiff seeks to prove this harm through her own testimony and that of psychiatrists and psychologists, yet she wishes to bar defendants from examining those mental health professionals. It is only proper then that defense counsel should have a clear right to make a searching inquiry into the plaintiff's medical history for the purpose, among others, of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way related to a relationship with the defendants. This includes the right to inquire into matters taken into consideration by Dr. Theresa Williams and Ms. Lori Dilling in reaching their conclusions as to the plaintiff's emotional status.

Although the court recognizes that it is somewhat of a balancing test in determining what information obtained by a mental health professional is applicable and therefore discoverable, this court feels that there was a clear purpose behind the statute. Section 5944 of 42 Pa.C.S. was enacted to provide a clear privilege of confidentiality, however that privilege is not absolute.

In enacting the statute, the legislature intended the psychologist/psychiatrist client privilege to yield before the state's compelling interest in seeing that truth is ascertained in legal proceedings and fairness maintained in the adversary process. *Kraus v. Taylor,* 710 A.2d 1142 (Pa. Super. 1998). The court does not believe that the "chilling effect" plaintiff speaks of actually exists. The general purpose of seeking medical care and filing a lawsuit are very different. Individuals generally do not seek psychiatric care so that they may sue someone in the future. Mental health providers are sought for the goal of finding help for one's psychiatric needs. This court has failed to see any chilling effect happening within the last three decades since the enactment of the statute that would make this argument cogent.

Although the court does not wish to create a slippery slope upon which all treating physicians are submitted to extensive discovery depositions, it believes case law has set the precedent with regards to the specific issues in this case.

Furthermore, the court feels it necessary to take a commonsense approach to the issue at bar. For example, assume a situation where an individual has a broken leg and is suing another claiming the injury occurred in a car accident. However, the plaintiff had previously informed his treating physician that he had gotten the broken leg from falling down the stairs. It is clear in this kind of situation that the testimony of the treating physician is clearly relevant and discoverable. The court does not feel that this proposed hypothetical is any different than the case at bar. Ms. Hepler is claiming that she has sustained emotional injuries due to the actions of the

defendants. However it has been proffered that Ms. Hepler had in fact told her treating mental health providers that her injuries had been caused by another source. As the court has previously stated it is only natural that the defendants have the right to make inquiry into these statements.

*A treating physician is to be regarded as an ordinary witness, and is subject to ordinary discovery rules, unless she has been deemed an expert witness in compliance with Pa.R.C.P. 4003.5.*

The plaintiff's single goal is to bar the defendants from obtaining oral depositions of the plaintiff's treating mental health professionals, Dr. Williams and Ms. Dilling, based on their positions as treating physicians. However, a treating physician, including psychologists and psychiatrists, are regarded as ordinary witnesses for discovery purposes. *McQuaid v. Platt Music Corporation,* 1987 WL 15434 (E.D. Pa.); see also, *Scott v. DeFeo,* 200 WL 1912053, 46 D.&C.4th 353 (2000).

In *McQuaid,* the district court determined that a psychiatrist who was consulted by the defendant was considered an ordinary witness, since the psychiatrist's services were not sought in anticipation or preparation for trial. Similar circumstances exist in the case at bar. Ms. Hepler sought out Dr. Williams and Ms. Dilling for their abilities in treating her mental health difficulties. These mental health professionals were not contacted or hired in anticipation or preparation for trial as required by Pa.R.C.P. 4003.5. The plaintiff has also failed to list either of the two professionals as expert witnesses. In fact, the plaintiff has simply argued that she might call them

as expert witnesses but she's not sure, so no depositions should be taken because of their potential status.

This court does not feel that the potential use of a treating physician as an expert witness is a strong enough argument to delay discovery until the plaintiff makes up her mind. If and until the plaintiff lists Dr. Williams and Ms. Dilling as expert witnesses they are subject to the general rules of discovery. So long as the plaintiff seeks either or both compensatory and punitive damages by reason of physical, mental or emotional harm or distress, the defendants are entitled to inquire during discovery of witnesses, including psychologists and psychiatrists, as to the plaintiff's medical history.

*Pennsylvania law allows the discovery of written medical records as well as oral depositions.*

The plaintiff's final argument is that no court in Pennsylvania has allowed this kind of discovery of treating psychologists and psychiatrists to be taken in a civil suit. The plaintiff is incorrect in this assumption, although it would be correct to say the Pennsylvania Supreme Court, specifically, has not addressed the issue.

Furthermore, there are multiple lower level Pennsylvania court cases, as well as Pennsylvania district court cases interpreting Pennsylvania law, that have clearly allowed such discovery to occur. See *Loftus v. Consolidated Rail Corp.,* 12 D.&C.4th 357 (1991); *Ulizzi v. Trellis,* 20 D.&C.4th 300 (1993); *Womack v. Stevens Transport Inc.,* 2000 WL 1007072 (E.D. Pa.); citing, *Lowe v. Philadelphia Newspapers Inc.,* 101 F.R.D. 296 (E.D. Pa. 1983); *Mullholland v. Dietz,* 896 F. Supp. 179 (E.D. Pa. 1994); and *O'Boyle v. Jensen,* 150 F.R.D. 519 (M.D. Pa. 1993).

The privilege of confidentiality extends to not just written records but oral communications as well, therefore this court finds it only logical that not only are records discoverable but oral depositions should also be allowed. The plaintiff waived her statutory privilege by filing this lawsuit and claiming psychological damages. See *Premack v. J.C.J. Ogar Inc.,* 148 F.R.D. 140 (E.D. Pa. 1993). (Stating that the filing of the suit functions as an implied waiver of the privilege.)

The plaintiff also argues that since there have been no cases presented with exactly the same facts, the premises and case law are inapplicable to the case at hand. The court disagrees with this presumption. The plaintiff points to what appear to be nothing but semantics in the relevant case law cited by the defendants, and the plaintiff has failed to present any opposing case law to rebut the defendants' argument.

The issues presented in this case are neither novel to the federal courts nor to Pennsylvania courts, regardless of whether another case has identical fact patterns. The plaintiff's assertion that this court would be paving the way for new law is clearly misplaced. The law in this area has, in fact, become well developed throughout the nation within the last 20 years.

The plaintiff's assertion that since the defendants have hired a "high priced psychiatrist" any information obtained by deposing York County Medical Professionals would be unnecessary is without merit. The defendants have the right to obtain discovery information under the Pennsylvania Rules of Civil Procedure, regardless of whether they have hired a "high priced psychiatrist" or not. The law does not look to the economical disparity

between parties when determining whether a party has a right to basic discovery allowed by the Pennsylvania Rules of Civil Procedure.

For the foregoing reasons, this court deems Ms. Hepler's psychiatric records, as they pertain to the plaintiff's cause of action, to be discoverable since the privilege according to 42 Pa.C.S. §5944 for communications between a psychologist/psychiatrist and patient is waived where damages for mental injury are sought. As such, the defendants' motion to compel the depositions of Dr. Theresa Williams and Ms. Lori Dilling is granted.

This court wishes to make it clear though, that any information obtained through discovery by defense counsel concerning the plaintiff's medical or personal history shall be treated as confidential information to be utilized in and solely for the purpose of this litigation. Plaintiff's information shall not be divulged to any employee or officer of defendants without prior approval of either the plaintiff's counsel or of this court.

An order consistent with this opinion shall be entered.

## ORDER

And now, August 4, 2003, defendants' motion for a court order to compel the depositions of Dr. Theresa Williams and Ms. Lori Dilling is granted. Any reasonable expense incurred by the health care professionals, with regards to the taking of the depositions, shall be born by the defendants.