561 A.2d 812

Carl HELM, Appellant,

v.

EAGLE DOWNS–KEYSTONE RACETRACK, J.E. Burke Co., Reed Associates, Boops Aluminum Castings and Q Cast Aluminum, Appellees.

Superior Court of Pennsylvania.

Argued June 6, 1989.

Filed Aug. 2, 1989.

Anthony A. Witlin, Philadelphia, for appellant.

Angelo L. Scaricamazza, Jr., Philadelphia, for appellees.

Before CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ.

MONTEMURO, Judge:

The appellant, Carl Helm, appeals from an order of the Court of Common Pleas of Philadelphia County granting

the appellee, Eagle–Downs Keystone Racetrack, a new trial on the issue of damages.[1] For the following reasons, we affirm.

On October 11, 1984, the appellant filed a complaint in trespass against the appellee. In his complaint, the appellant alleged that while a patron at Eagle–Downs Keystone Racetrack, he was injured when the bench on which he was seated collapsed and damaged his right Achilles tendon. On March 23, 1988, following a jury trial, the appellant was awarded $90,000.00 in damages. ($3,000.00 for past medical expenses; $27,000.00 for past pain and suffering; and $60,000.00 for future pain and suffering) At trial, the court had instructed the jury that pursuant to certain mortality tables they could calculate that the appellant could be expected to live an additional twenty-five (25) years for purposes of assessing his damages for future pain and suffering. Subsequently, the appellee filed timely post-verdict motions alleging *inter alia* that the trial court's use of mortality tables was improper and warranted the grant of a new trial. On January 3, 1989, the trial court agreed and granted the appellee's request for a new trial. However, the court limited its grant of a new trial only to the issue of damages. Specifically, the trial court held that its use of mortality tables was improper because it failed to also instruct the jury that certain variables might affect an individual's life expectancy, and therefore, the jury's rigid application of these tables may have improperly influenced its damage award.

It is well settled that mortality tables are admissible in Pennsylvania for the purpose of determining a plaintiff's future damages. *Rosche v. McCoy,* 397 Pa. 615, 627, 156 A.2d 307, 313 (1959). However, in instructing the jury on the use of such tables, the court is required to instruct the jury that certain variables must be taken into consideration in determining the possible duration of life. *McKniff v.*

1. We note that the appellee, Eagle–Downs Keystone Racetrack, is the only defendant still a party to this litigation.

*Wilson*, 404 Pa. 647, 653, 172 A.2d 801, 804 (1961). The court's instructions must include a survey of such matters as sex, prior state of health, nature of daily employment, and its perils, if any, manner of living, personal habits, individual characteristics, and other facts concerning the injured party which may affect the duration of his or her life. *Rosche, supra*, 397 Pa. at 627, 156 A.2d at 313. Since mortality tables are not to be applied rigidly, failure to adequately instruct the jury on their use constitutes reversible error and warrants the grant of a new trial on the issue of damages. *McKniff, supra.* Moreover, the decision on whether or not to grant a new trial is committed to the sound discretion of the trial court, and such a decision will not be reversed on appeal absent a showing that the trial court committed an error of law or palpably abused its discretion. *Ecksel v. Orleans Construction Company*, 360 Pa.Super. 119, 519 A.2d 1021 (1987).

■ In the present case, the court instructed the jury on the use of mortality tables as follows:

> THE COURT: Ladies and gentlemen, with respect to future pain and suffering, there are standard life tables which have been issued by the [sic] government agency and which the court now takes judicial notice, which indicate that a man of Mr. Helm's age, now 47, has a life expectancy statistically of 25 years. That does not mean that you have to use that figure. You could determine, if you feel it to be inappropriate under the evidence that you have heard or seen, that you would expect him to live longer or less long, that the statistical life expectancy is 25 years for a person of Mr. Helm's status.

Trial Court Opinion at 10–11). Clearly, the trial court's instructions on the use of these life expectancy tables was inadequate. The court failed to inform the jury that certain factors may affect the duration of the appellant's life. Consequently, we concur with the trial court's determination that its failure to instruct the jury on the proper use of these mortality tables may have improperly influenced their assessment of the appellant's damages for future pain and suffering.

On appeal, the appellant maintains that the court's instructions on the proper use of these mortality tables was correct. Specifically, the appellant asserts that there was no evidence adduced at trial which would limit the strict application of these tables. We disagree. The record is replete with references to a number of factors which may have an impact on the duration of the appellant's life. The appellant testified that prior to this accident he exercised frequently and was in excellent physical condition. However, the appellant testified that since this accident he has been unable to exercise or participate in any of the activities he enjoyed prior to being injured. Additionally, the appellant stated that his quality of life has unquestionably diminished since this accident. We also note that the record contains a number of references to the nature of the appellant's employment, his marital situation as well as his prior and current state of health. All of these factors may or may not have an affect on the appellant's life expectancy. Nevertheless, they should have been presented to the jury for them to consider in conjunction with their evaluation of the aforementioned mortality tables. *McKniff, supra.* Therefore, we perceive no abuse of discretion in the trial court's decision to grant the appellee a new trial on the issue of damages.

Order Affirmed.