**Timothy KRAUS, Appellant,**

v.

**James E. TAYLOR and Harris Fuels, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed April 3, 1998.

Reargument Denied June 10, 1998.

James L. Rosenbaum, Philadelphia, for appellant.

Thomas P. Bracaglia, Philadelphia, for appellees.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

Timothy Kraus (appellant) challenges the denial of the post-trial motions he filed after an unfavorable verdict in his negligence action against James E. Taylor and Harris Fuels, Inc. (appellees). This litigation requires us to consider when intoxication evidence may be admitted against a pedestrian plaintiff in a suit arising from a collision with an automobile. We are also required to consider when a history of drug and alcohol abuse is admissible against a plaintiff who alleges permanent injury. We affirm.

Appellee Taylor struck appellant on October 20, 1990, while driving a vehicle owned by appellee Harris Fuels. At the time of the accident, approximately midnight, appellant was walking across Street Road in Lower South Hampton Township, Pennsylvania, on his way to work at a nearby gas station. Appellant filed a negligence suit against appellees seeking damages for medical expenses and for permanent injury. The case was tried before a jury in October of 1996. At trial, the court admitted evidence that appellant had a blood alcohol content in excess of 0.25 percent at the time of the accident. The court also admitted medical records establishing that appellant suffers from chronic drug and alcohol abuse. At the close of evidence, the court granted appellee Harris Fuels' motion for a non-suit. Following deliberations, the jury found that appellee Taylor was negligent but that his negligence was not a substantial cause of the accident. Accordingly, the court recorded a verdict against appellant and discharged the jury. Appellant filed post-trial motions, which were denied on June 9, 1997. Appellant timely appealed the judgment to this Court.

Appellant first contends that the trial court erred in admitting evidence of appellant's chronic drug and alcohol abuse because the evidence was irrelevant, prejudicial, and privileged. We disagree.

Our standard for reviewing the relevancy of evidence admitted at trial is well established.

At the outset, the admissibility of evidence is a matter addressed solely to the discretion of the trial court and may be reversed only upon a showing that the court abused its discretion. Evidence is considered relevant if it logically tends to establish a material fact in the case, tends to make the fact at issue more probable, or supports a reasonable inference or presumption regarding the existence of a material fact.

*Commonwealth v. LaCava*, 542 Pa. 160, 174, 666 A.2d 221, 227–28 (1995) (citations omitted). Here, appellant sought damages for permanent injury. Such a claim requires the

jury to evaluate the claimant's life expectancy. Evidence of appellant's chronic drug and alcohol abuse strongly suggests that his life expectancy deviates from the average. *Cf. Capan v. Divine Providence Hospital,* 270 Pa.Super. 127, 138–39, 410 A.2d 1282, 1288 (1980) (affirming exclusion of hypothetical question concerning life expectancy which did not mention decedent's chronic alcoholism). Accordingly, the evidence of appellant's drug abuse tended to establish a material fact and was therefore relevant. Moreover, actuarial tables were submitted to the jury, at appellant's request, to help them evaluate his life expectancy. When such tables are submitted in a personal injury case, the jury must be permitted to consider individual characteristics that impact on the injured party's life expectancy. *See Helm v. Eagle Downs–Keystone Racetrack,* 385 Pa.Super. 550, 551–53, 561 A.2d 812, 813 (1989) (discussing the appropriate charge when actuarial tables are submitted to a jury).

■ Appellant relies on *Labrador v. City of Philadelphia,* 134 Pa.Cmwlth. 427, 578 A.2d 634 (1990) for the proposition that evidence of alcoholism is not relevant to life expectancy. Appellant's reliance is misplaced. Although we frequently turn to the wisdom of our colleagues on the Commonwealth Court for guidance, the decisions of that court are not binding on this Court. *See Dansak v. Cameron Coca–Cola Bottling Company,* 703 A.2d 489, 493 n. 4 (Pa.Super.1997).

Moreover, *Labrador* is inapposite. *Labrador* involved a wrongful death and survival action. The trial court excluded evidence of decedent's alcohol use and cirrhosis of the liver. *Id.* at 429–31, 578 A.2d at 636. On appeal, plaintiff asked the Commonwealth Court to review the exclusion of the cirrhosis evidence, but not the exclusion of evidence concerning alcohol use. *Id.* The Commonwealth Court reviewed the trial court's ruling for abuse of discretion. It found that the trial court excluded the evidence for two reasons: (1) the effect of cirrhosis on life expectancy is not within the ken of the average layman and therefore requires expert testimony to be admissible; and, (2) cirrhosis carries a prejudicial implication of alcohol

abuse that was not otherwise supported by the evidence. The Commonwealth Court concluded that exclusion was within the trial court's discretion.

This result, however, does not imply that the Commonwealth Court agreed with the trial court's reasoning. When an appellate court reviews a lower court decision for abuse of discretion, it does not decide whether it would have reached the same conclusion if exercising its own discretion. *See Kaneski v. Kaneski,* 413 Pa.Super. 173, 176–78, 604 A.2d 1075, 1077 (1992) (explaining that, even under the broadest abuse of discretion review, the reviewing court may not substitute its own judgment for that of the lower court); *see also* Ruggero J. Aldisert, *The Judicial Process* 759–76 (1976). Furthermore, nothing in *Labrador* suggests the Commonwealth Court would have affirmed the trial court if it had excluded competent evidence of the decedent's chronic alcohol abuse.

■ Appellant next claims that, despite its relevance, the evidence of his chronic drug abuse should have been excluded as overly prejudicial. Even relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice or confusion. *See Sprague v. Walter,* 441 Pa.Super. 1, 39–41, 656 A.2d 890, 909 (1995). The balancing of potential prejudice against probative value is within the sound discretion of the trial court. *Id.* We agree that the evidence of appellant's chronic drug and alcohol abuse was highly prejudicial. *See generally Commonwealth v. Gaddy,* 468 Pa. 303, 310–12, 362 A.2d 217, 220–21 (1976) (discussing the prejudicial effect of drug use testimony). As discussed above, however, the evidence is also highly probative of appellant's life expectancy. Accordingly, admission of the evidence was well within the court's sound discretion.

Appellant also asserts that the records of his drug and alcohol treatment are protected under statutory privileges created by 50 P.S. § 7111 (confidentiality of records of treatment in publicly funded mental facilities), 71 P.S. § 1690.108 (confidentiality of records of drug and alcohol abuse treatment), and 42 Pa.C.S. § 5944 (confidentiality of communications to licensed psychologists). The trial

court found that appellant impliedly waived any statutorily created privilege by filing a personal injury suit that placed his life expectancy at issue. The statute creating the physician-patient privilege expressly provides that the privilege is waived in civil matters for the patient's personal injury. 42 Pa.C.S. § 5929. The statutes appellant relies upon, however, lack similar provisions.

We are unaware of any prior decisions of this Court or our Supreme Court deciding whether the privileges appellant references are waived by filing a personal injury lawsuit for permanent injury.[1] The Commonwealth Court, however, has commented that the psychologist-client privilege is waived when the client places the confidential information at issue in a lawsuit. *See Rost v. State Bd. of Psychology,* 659 A.2d 626 (Pa.Cmwlth.1995). Also, various federal courts interpreting Pennsylvania law have held that placing the confidential information at issue in a civil trial is implicit waiver of the statutory privileges appellant asserts. *See Mulholland v. Dietz,* 896 F.Supp. 179 (E.D.Pa.1994); *O'Boyle v. Jensen,* 150 F.R.D. 519 (M.D.Pa. 1993); *Premack v. J.C.J. Ogar, Inc.,* 148 F.R.D. 140 (E.D.Pa.1993); *Thorne v. Universal Properties,* 1987 WL 7683, 1987 U.S. Dist. LEXIS 1906 (E.D.Pa.1987). The rationale of these decisions is that our legislature could not have intended the miscarriage of justice that would otherwise result to civil defendants. We agree.

■ Allowing appellant to pursue a claim for permanent injury, while simultaneously barring appellees from access to appellant's long history of drug and alcohol abuse, "would be manifestly unfair and grossly prejudicial." *See O'Boyle,* 150 F.R.D. at 522. We cannot believe that the Pennsylvania General Assembly intended to allow a plaintiff to file a lawsuit and then deny a defendant relevant evidence, at plaintiff's ready disposal, which mitigates defendant's liability. *See generally* 1 Pa.C.S. § 1922(1) (in ascertaining legislative intent, courts are to presume that the General Assembly did not intend an unreasonable result). Rather the

General Assembly must have intended the privileges to yield before the state's compelling interest "in seeing that truth is ascertained in legal proceedings and fairness in the adversary process." *See Thorne, supra,* at *5 (citations omitted). Accordingly, we conclude that appellant impliedly waived the various statutory privileges he asserts by filing this lawsuit. Because the records were not privileged and it was within the court's discretion to admit the evidence, the trial court committed no reversible error in admitting the records of appellant's chronic alcohol and drug abuse.

Appellant next contends that the trial court committed reversible error by admitting evidence of appellant's blood alcohol level at the time the incident occurred. Appellant asserts that because he was a pedestrian, rather than a driver, the evidence was not relevant. Appellant relies on *Kriner v. McDonald,* 223 Pa.Super. 531, 302 A.2d 392 (1973), and *Whyte v. Robinson,* 421 Pa.Super. 33, 617 A.2d 380 (1992). Again, appellant's reliance is misplaced. In *Kriner,* we stated:

> [E]vidence tending to establish intoxication on the part of a pedestrian is inadmissible unless such evidence proves unfitness to be crossing the street. Pennsylvania courts have gone to great lengths to enforce [the analogous rule relating to the intoxication of drivers]. Consequently, no reference should be made to a pedestrian's use of alcohol *unless there is evidence of intoxication or copious drinking on the part of the pedestrian; for example evidence that the injured party was staggering or had liquor on his breath gives support to such an inference.*

*Kriner,* 223 Pa.Super. at 533–34, 302 A.2d at 394 (emphasis added) (citations omitted). In *Whyte,* we simply applied the rule established by *Kriner. See Whyte,* 421 Pa.Super. at 38–40, 617 A.2d at 383. Both cases turned on our conclusion that evidence of the pedestrian's intoxication was so insubstantial, and the potential prejudice so significant, that it was an abuse of discretion to admit the evi-

---

1. In *Kalenevitch v. Finger,* 407 Pa.Super. 431, 595 A.2d 1224 (1991), we refused to address this issue because it was not properly preserved for our review. *See id.* at 438–40, 595 A.2d at 1228–29.

dence. *See Kriner,* 223 Pa.Super. at 533–35, 302 A.2d at 394; *Whyte,* 421 Pa.Super. at 43–44, 617 A.2d at 385. In contrast, appellees in this case produced substantial evidence of appellant's intoxication at the time of the accident. First, the responding officer testified that he scented alcohol on appellant's breath shortly after the accident. (N.T. 10/7/96, at 97). Second, the hospital measured appellant's blood alcohol level in excess of 0.25 percent within 40 minutes of the accident.[2] (N.T. 10/8/96, at 13–32). Finally, appellees produced expert testimony that, given the blood test results, appellant's judgment and motor coordination would have been severely impaired at the time of the accident. (N.T. 10/8/96, at 23–37). The trial court did not abuse its discretion in admitting this substantial evidence of appellant's intoxication at the time of the accident.

 None of appellant's remaining issues are properly before this Court. Appellant's third and fourth issues, concerning the weight and the sufficiency of the evidence,[3] were not properly preserved in the lower court. In order to preserve an issue for appellate review following a civil verdict, the issue must first be raised in a post-trial motion. *See, e.g., Snyder Bros., Inc. v. Peoples Natural Gas,* 450 Pa.Super. 371, 378–80, 676 A.2d 1226, 1230 (1996). Moreover, an issue raised in a post-trial motion is waived unless it is briefed or argued in post-trial proceedings. *See Bell v. City of Philadelphia,* 341 Pa.Super. 534, 540–42, 491 A.2d 1386, 1389 (1985). Full development of issues in the lower court serves an important function in the orderly and efficient use of our judicial resources. *See generally Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974) (discussing the policy reasons for strictly limiting appellate review to issues preserved in the lower court). Here, appellant filed a post-trial motion asserting that the court committed 62 separate errors.[4] *See* plaintiff's motion for post-trial relief 10/17/96. Appellant, however, reduced the number of errors to 13 in the brief he filed in support of his motion. *See* plaintiff's brief in support of his motions for post-trial relief 4/15/97. No oral argument on appellant's motion was heard. The trial court correctly concluded that the remaining

---

**2.** Appellant's blood alcohol level would have been inadmissible absent the additional corroborating evidence. *See Whyte,* 421 Pa.Super. at 40–44, 617 A.2d at 384–85.

**3.** Even if appellant had preserved his challenge to the sufficiency of the evidence, that claim would be waived by his failure to provide proper argument in the brief that he filed with this Court. A party moving for judgment notwithstanding the verdict (i.e., challenging the sufficiency of the evidence) contends that the evidence and all inferences deducible therefrom, viewed in the light most favorable to the verdict winner, is insufficient to sustain the verdict. *See Greer v. Bryant,* 423 Pa.Super. 608, 612–14, 621 A.2d 999, 1002 (1992). We will only reverse the denial of such a motion where the lower court committed an abuse of discretion or an error of law. *Id.*

The argument section of appellant's brief relating to this issue does not analyze the evidence in the light most favorable to appellee Taylor, the verdict winner. Instead, appellant presents the evidence in the light most favorable to himself then concludes that he is entitled to a different verdict. For example, appellant asserts that he "crossed the street under an overhead light within one car length of the beginning of the intersection." Appellant's brief at 40–41. Appellees, however, produced evidence that appellant crossed the street 62 feet east of the intersection

(N.T. 10/7/96, at 101–04) and that the street lamp in the vicinity was out (N.T. 10/7/96, at 115). Appellant also asserts that appellee Taylor was travelling east in a westbound lane, appellant's brief at 41, whereas appellees produced evidence that skid marks from the vehicle began in the eastbound lane (N.T. 10/7/96, at 104–05). Most importantly, appellant ignores the evidence that he was severely intoxicated at the time of the incident. Because appellant fails to discuss the evidence viewed in the light most favorable to the verdict winner, his brief wholly lacks appropriate argument that the lower court abused its discretion when denying his motion for judgment notwithstanding the verdict. Thus, even if preserved below, this issue would be waived by the deficiencies of appellant's brief. *See Kituskie v. Corbman,* 452 Pa.Super. 467, 476–78, 682 A.2d 378, 383 (1996) (failure to develop proper argument in appellate brief constitutes waiver), *alloc. granted,* 548 Pa. 628, 693 A.2d 967 (1997).

Appellant's argument suggests a claim that the verdict was inconsistent. If appellant intended to challenge the verdict on these grounds we note that the issue was waived by his failure to object prior to the jury's discharge. *See City of Philadelphia v. Gray and Williams v. SEPTA,* 534 Pa. 467, 633 A.2d 1090 (1993).

**4.** Appellant later filed a supplemental post-trial motion alleging a 63rd error. *See* plaintiff's supplemental motion for post-trial relief, 4/10/97.

50 errors were abandoned and declined to consider them. *See* slip opinion 6/9/97, at 3. None of the 13 errors appellant argued before the trial court concern either the weight or the sufficiency of the evidence. Accordingly, appellant's failure to preserve these issues precludes our review.

Finally, appellant contends that the trial court erred in entering a non-suit in favor of appellee Harris Fuels. Appellant's only theory supporting Harris Fuels' liability is that it is vicariously liable for appellee Taylor's negligence. Because the jury found Taylor not liable, and this verdict withstood our review, appellant cannot recover against Harris Fuels. Accordingly, this issue is moot. *See generally Quigg v. Brown,* 30 Phila. 468 (1996) (commenting that the issue of a principal's vicarious liability is rendered moot by a finding that the agent was not liable). An appellate court will not consider a moot question unless one of several narrow exceptions applies. *See Rosenfield v. Pennsylvania Aut. Ins.,* 431 Pa.Super. 383, 387–89, 636 A.2d 1138, 1141 (1994). No exception is relevant here. Thus, we dismiss this issue as moot.

Judgment affirmed.

BECK, J., filed a concurring statement.

BECK, Judge, concurring.

I concur in the result reached in the majority opinion and join generally in the discussion therein. I write separately, however, to clarify further the reasons for our holding. First, I agree that the trial court did not abuse its discretion in admitting evidence of appellant's history of alcohol and drug abuse where appellant placed his life expectancy into issue with his claim of permanent injury. An additional basis for admission, however, and one I believe to be even more persuasive, is for impeachment purposes. Appellant testified that he had been in "excellent health" prior to the accident, when in fact he had had numerous hospital admissions for alcohol dependency, and a long history of drug use, including intravenous heroin, barbiturates, LSD and amphetamines. The trial court did not err in admitting evidence of this history to allow appellees to impeach appellant's credibility.

Appellant also challenged the admissibility of his blood-alcohol content of .25% at the time of the accident. As the majority concludes, this evidence was admissible to show appellant's own causal negligence as a pedestrian, where there was additional corroborating evidence of intoxication, including the smell of alcohol emanating from appellant at the scene, and his behavior in crossing the street. Appellees presented evidence that, at the time of the accident, appellant was crossing a major highway, in the middle of the block, in dark clothing at about midnight, against a traffic control signal, and that he "darted" in front of oncoming traffic. With these additional comments, I join the majority opinion.