## Bolden v. SEPTA

*G. Sander Davis,* for plaintiff.
*John B. Phelan,* for defendant.

COHEN, *J.,* January 31, 2000—This opinion is written pursuant to the appeal of plaintiff Leonard Bolden. A trial was held before this court and a jury beginning July 26, 1999, wherein the jury found in favor of the defendant Southeastern Pennsylvania Transportation Authority and against plaintiff. Plaintiff's motion for post-trial relief was filed on August 9, 1999. This court did not receive the notes of testimony until October 14, 1999. Therefore, in order to allow the parties time to prepare, a briefing schedule was set, with arguments to be heard December 22, 1999. Counsel for SEPTA requested an extension of time through the end of the year. The request was granted, with arguments scheduled to take place on January 12, 2000. On December 23, 1999, defendant SEPTA filed a praecipe to enter judgment pursuant to Phila. Cty. R.C.P. 227.4(1)(b).[1] Therefore, judgment was entered before post-trial motions could be disposed of properly. Consequently, this court is in the unenviable position of advocating a reversal on appeal with an order for new trial. The reasons for which are set forth below.

## FACTS

On August 14, 1997, plaintiff Leonard Bolden was working as a conductor on a passenger railcar for SEPTA.

---

1. While the defendant was within its rights to enter judgment, this court considers it a sharp practice to take post-trial motions out of the trial court's hands, especially after originally requesting a time extension. This type of ruthless behavior is unbecoming and is an affront to this court.

(N/T 7/26/99 at 90.) As part of his duties, Bolden was inspecting each car before allowing passengers on board for the return from Lansdale to Center City. (N/T 7/26/99 at 90.) He claims he was injured when he pushed open one of the doors in between cars. According to Bolden, normally the doors move only with great force due to the hydraulic door hinge. Plaintiff stated that when he pushed the door, it opened with no resistance, flinging him to the ground while he was still holding the door handle, thereby permanently injuring his shoulder. (N/T 7/26/99 at 90, 94-95.)

## DISCUSSION

The plaintiff had filed a motion in limine to preclude any testimony of the plaintiff's drug or alcohol history. Counsel for SEPTA argued the evidence was relevant because there was a claim for permanent injury, and based upon the Superior Court's decision in *Kraus v. Taylor,* the evidence was admissible to show a reduction in life expectancy. 710 A.2d 1142 (Pa. Super. 1998), *alloc. granted,* 556 Pa. 257, 727 A.2d 1109 (1999), *dismissed as improvidently granted,* Pa. Lexis (Jan. 20, 2000). As *Kraus* is currently the law in the Commonwealth, this court denied the plaintiff's motion to preclude.

What ensued was an extensive cross-examination about the plaintiff's drug history. (N/T 7/27/99 at 39-60.) This included cross-examination concerning a drug history taken upon admission to Friends Hospital that stated that the plaintiff had used cocaine daily since the age of 18. (N/T 7/27/99 at 41.) The plaintiff denied the report's accuracy. (N/T 7/27/99 at 41.) Defense counsel also extensively questioned plaintiff's expert on vocational and economic assessment, Anthony Gamboa, about the plaintiff's drug use. (N/T 7/27/99 at 106, 136, 139,

144, 148, 150.) Finally, defendant called Dr. Robert DeSilverio as an expert in substance abuse, who testified as to the likelihood that cocaine use will decrease the plaintiff's life expectancy. (N/T 7/28/99.) This court believes that the extensive testimony on drug use likely prejudiced the jury. And that prejudice outweighed any relevance to the plaintiff's life expectancy.

Evidence of a party's drug use is clearly highly prejudicial. See *Commonwealth v. LaCava,* 542 Pa. 160, 176, 666 A.2d 221, 228 (1995); *Kraus,* 710 A.2d at 1144. In fact, this court originally planned to exclude such evidence in its entirety. (N/T 3/26/99 at 44-45.) However, based on *Kraus,* this court felt compelled to allow the evidence. A limiting instruction was not given. This court should have instructed the jury that the purpose of such evidence was only relevant to the plaintiff's life expectancy for claims of permanent injury. This may have, at least to some extent, balanced the unfairly prejudicial effect of the evidence. This is especially true, considering the defendant misused the court's ruling to hammer home the plaintiff's previous drug use to the jury. Without such an instruction, this court believes that the prejudicial effect of such evidence outweighed its probative value. See Pa.R.E. 403. Accordingly, a new trial should be ordered.