**Julia A. ZANGRANDO, Appellee,**

v.

**Jan SIPULA, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2000.
Filed July 7, 2000.

William F. Askin, Pittsburgh, for appellant.

Edward J. Kress, Pittsburgh, for appellee.

Before DEL SOLE, EAKIN and TODD, JJ.

EAKIN, J.:

¶ 1

Appellee and two little dogs were walking down the street,

tending to business as they went, but soon they were to meet

¶ 2

Appellant, who this wintry day was driving toward the pair;

their mistress reined them to a stop along the thoroughfare.

¶ 3

Angel and Autumn were their names, one white, one apricot;

to walk beside her on a leash was their happy lifelong lot.

¶ 4

The poodles waited for the car, and watched as it drew near,

thinking there was naught at all to cause them any fear,

¶ 5

For often cars would pass them by, but this was no wayfarer -

the car begin to veer toward them and caution turned to terror.

¶ 6

The car was coming much too close, something inside told her;

the next thing Mrs. Zangrando knew, a poodle flew over her shoulder.

¶ 7

To appellee this was nothing short of an unmitigated disaster;

the wingless Angel'd taken flight and ascended quickly past her.

¶ 8

In this brace of miniature poodles, neither one wide nor tall,

one may have been named Autumn, but 'twas Angel took the fall.

¶ 9

The impact could have killed the pup but Angel would survive;

a doctor of the veterinary kept the dog alive.

¶ 10

The bill for Angel's treatment, though, was anything but small,

and appellee felt that in the end, appellant should pay it all,

¶ 11

So she filed this civil action in Allegheny county court

seeking eleven hundred fifty-five dollars for the nearly fatal tort.

¶ 12

The court sat with no jury, and after expeditious trial,

held appellee was right, which caused the court to promptly file

¶ 13

The order which appellant claims was entered quite in error;

he suggests the trial judge should have treated him much fairer.

¶ 14

Four issues now he raises, as he asks us to abort

the finding of the learned and distinguished county court.

¶ 15

■ When looking at a trial court's verdict, our standard of review [1]

requires we find legal error before granting trial anew,

¶ 16

Or find abused discretion that is clear and manifest;

with this unquestioned ruler we put his issues to the test.

¶ 17

■ First he says that appellee was standing in the road

in blatant violation of this Commonwealth's Vehicle Code,

¶ 18

So contributory negligence the trial court should have found

precluding his obligation to pay for damaging the tiny hound.

¶ 19

Appellant points us to Code Section 3544,[2]

which provides, indeed, pedestrians are required to do more

¶ 20

Than choose just any path while they are going down the way;

when in the street one must walk the left, and off the road should stay.

¶ 21

But appellee gave testimony she walked upon the "berm,"

and while the Vehicle Code has not defined that term

1. *Stonehedge Square Ltd. Pshp. v. Movie Merchants,* 454 Pa.Super. 468, 685 A.2d 1019, 1022 (1996), *alloc. granted in part,* 548 Pa. 228, 696 A.2d 805 (1997).

2. 75 Pa.C.S. § 3544(b)–(c).

¶ 22

The cases hold a berm is not highway or street *per se;*

it's a border visibly distinct from the remainder of the way.[3]

¶ 23

Appellee was toward the left side curb, and just about as far

as she could be from the center of the roadway and the car.

¶ 24

We find that being on the berm, when she could do no more

does not make a violation of 3544.

¶ 25

We find no negligence in staying off the neighbor's grass;

the road was fifteen feet in width, with room to safely pass.

¶ 26

Absent violation of this cited traffic section

we agree with the refusal of the judge to make a connection

¶ 27

Between her fixed location and *per se* contributory

negligence, notwithstanding appellant's version of the story.

¶ 28

Appellant however argues that because he hit the dog

while driving in the roadway, Angel must be the road hog.

¶ 29

But he didn't testify he saw the dog dash to the street,

yet he'd have this Court assume such caused the dog and car to meet.

¶ 30

Even if the poodle strained to reach the leashes' end,

appellant veered toward Angel, testimony we may not amend.

¶ 31

■ It's a credibility finding, and we are an appellate court;

such findings, if supported, bind us, despite his strong retort.[4]

¶ 32

If one looks very closely, the sum of appellant's dissembling

is he saw no impact 'til Angel rose, an extra point resembling.

¶ 33

The collision he says he didn't see, a fact there's no denying,

so he can't tell if Angel moved before he sent her flying.

¶ 34

■ Appellant next suggests the court in error applied the rule

of assured clear distance to find that he was fully liable

¶ 35

This is a venerable doctrine that is very far from moot,[5]

and quite appropriate to the facts giving rise to this dispute.

¶ 36

The court gave to this principle its proper application;

the issue raised, we find, lacks a meritorious foundation.

¶ 37

■ Besides, we can't find where he's raised this in a post-trial motion;

3. *Masters v. Alexander,* 424 Pa. 65, 225 A.2d 905, 910 (1967).

4. *Commonwealth v. Cappellini,* 456 Pa.Super. 498, 690 A.2d 1220, 1224 (1997).

5. *Lockhart v. List,* 542 Pa. 141, 665 A.2d 1176, 1180 (1995).

the issue's waived, no matter how appealing the notion.[6]

¶ 38

■ Next, he claims he was the victim of a sudden emergency,

a doctrine [7] which absolves some torts, and he should be set free

¶ 39

Of any obligation for the money owed the vet,

but the record shows the elements of this concept are not met.

¶ 40

This doctrine's application is with unforeseen events

when normal care's impossible in any real sense.

¶ 41

Unexpected perils do from time to time arise

whose suddenness may obviate the fault in our law's eyes.

¶ 42

But while appellant touts this rule, no matter how it's styled

he needs to have us find the dog was like the darting child,

¶ 43

And there simply is no evidence that Angel did such darting

before the car ran into her, trajectory imparting.

¶ 44

The poodles were not proved the source of sudden immediate peril;

their actions did not put him over any decisional barrel.

¶ 45

The poodles and the appellee had surely come to a halt;

they didn't appear suddenly; the impact wasn't their fault.

¶ 46

This claim of exigency he makes further begins to unravel

when one but thinks about appellant's stated rate of travel.

¶ 47

15 miles an hour he claims as his maximum rate of speed,

quite a cautious, prudent rate, not very fast indeed,

¶ 48

Not fast enough to trouble him or force a quick decision;

it shows, had he been paying heed, there'd have been no collision;

¶ 49

For he admits he saw the dogs as he approached the scene,

and didn't know he'd struck a pup 'til Mrs. Zangrando keened.

¶ 50

It's also hard to quarrel here with what the trial court said:

That speed's not fast enough to launch a poodle overhead.

¶ 51

The doctrine's just not applicable, factually, in this case;

Thus the dependent argument is similarly off base.

¶ 52

In sum, assured clear distance creates duty when one drives;

the emergency doctrine excuses it should sudden peril arise.

¶ 53

Appellant would skip the former rule, and apply only the latter,

6. *Kraus v. Taylor,* 710 A.2d 1142, 1146 (Pa.Super.1998).

7. *Levey v. DeNardo,* 555 Pa. 514, 725 A.2d 733 (1999).

which seems to us as illogical as dieting to get fatter.

¶ 54

This argument is not so far from the dog in the fabled manger;

were we to find as appellant asks, we would create a danger

¶ 55

For everyone who find the needs of their beloved pet

makes them walk within the confines of their street, and yet

¶ 56

They cannot be fair game for cars that drive that very street

(and cars will always win the ties, when pedestrian and auto meet).

¶ 57

Be it interstate or neighborhood, drivers get no free shot

at things they may encounter, whether in the street or not.

¶ 58

So while counsel raises issues that are worthy and well taken

in the end we find the effort to apply them here's mistaken.

¶ 59

We must conclude the issues raised do not warrant a new trial

and all that we may offer now is this respectful rhymed denial.

¶ 60

Judgment affirmed.