**Weinrich v. Abington Memorial Hospital**

428

*Rosalind Kaplan,* for plaintiffs.
*John Shay* and *Donald Brooks Jr.,* for defendants.

MAZER MOSS, *J.,* July 23, 2001—

## FACTS AND PROCEDURAL HISTORY

The instant action was filed against defendants, including appellant Dr. Steven Wiener, for negligence which allegedly caused, facilitated, promoted and/or exacerbated plaintiff's dependence on controlled sub-

stances. Further, plaintiffs assert defendant Dr. Wiener caused plaintiff Charlene Weinrich emotional distress due to his improper and unprofessional dual relationship. Specifically, plaintiffs alleged Dr. Wiener engaged in improper and harmful, personal, physical and sexual contact.

Dr. Wiener appeared in the fall of 2000 before the Bureau of Occupational and Professional Affairs to determine whether his medical license should be revoked due to his sexual relationship with plaintiff, his patient. At said hearing, records were produced to show Dr. Wiener's treatment compliance for various disorders, including sexual disfunction disorder. Two letters from Dr. Ginnasio to Charles Artz, Esq., Dr. Wiener's attorney at the revocation hearing, were produced. Same summarized Dr. Ginnasio's treatment notes.

On March 22, 2001, we conducted a hearing in discovery court in which plaintiffs sought to compel certain documents. Following said hearing, a privilege log and the documents in question were presented for in camera review. Upon review of same, we determined defendant was required to produce the requested documents. Specifically, we ordered defendant to provide a copy of Dr. Charles Ginnasio's handwritten treatment notes having determined said documents were not protected by psychiatrist/patient privilege. This appeal follows.

## DISCUSSION

Confidential communications to psychiatrists or licensed psychologists are privileged under 42 Pa.C.S. §5944. However, said privileged may be waived. See *Commonwealth v. Santiago,* 541 Pa. 188, 197-98, 662

A.2d 610, 615 (1995) (defendant voluntarily waived privilege when he pursued insanity defense at first trial and could not reclaim it during new trial); see also, *Sprague v. Walter,* 441 Pa. Super. 1, 43-44, 656 A.2d 890, 911 (1995) (prior release of records and deposition testimony regarding the content of said records is equivalent to waiver). Dr. Wiener waived his right to assert the privilege due to his prior testimony before the Bureau of Occupational and Professional Affairs.

At said hearing, Dr. Wiener testified extensively to his voluntary outpatient treatment. See plaintiffs' memorandum of law in response to defendant Steven Wiener, DO's objections to production, exhibit B, pp. 134-37. Further, Dr. Ginnasio testified as to defendant's condition, treatment and fitness to practice medicine. *Id.* at exhibit C. Dr. Ginnasio's letters summarizing defendant's treatment to Mr. Artz were admitted into evidence. *Id.* at exhibits H and I.

Additionally, defendant Dr. Wiener has placed his psychiatric/psychological condition at issue in said action. His condition and treatment serves as an explanation or a defense for his conduct with and toward plaintiff Charlene Weinrich. As defendant has placed his condition at issue, he cannot now claim treatment records are privileged. To allow such would be contrary to the intent of the General Assembly when creating said privilege. 42 Pa.C.S. §5944; *Kraus v. Taylor,* 710 A.2d 1142, 1145 (Pa. Super. 1998). As such, we properly required defendant to provide plaintiffs with said treatment records and other requested documents.