**Pulliam v. Fannie**

2

C.P. of Butler County, no. A.D. 01-10911.

*Robert E. Mielnicki* and *Robert A. Seewald,* for plaintiff.
*M. Scott Gemberling,* for defendants.

BRYDON, *J.,* June 28, 2002—Before this court are plaintiff Derl Pulliam's motion in limine and motion for

leave to take discovery. Also before the court are defendants Deborah G. Fannie t/d/b/a Bakerstown Hotel, Deborah G. Fannie, Bakerstown Hotel, and Bakerstown Bar's motion to compel documents and motion in limine. For the following reasons, plaintiff's motion in limine is denied; defendants' motion in limine is denied; and defendants' motion to compel is granted.

## BACKGROUND

Plaintiff alleges that on or about January 25, 1998, or January 26, 1998, while driving along Anderson Road in Clinton Township, he drove his vehicle off of an embankment as the result of voluntary intoxication. Plaintiff sustained serious, permanent injuries due to this accident. Plaintiff alleges that he was continuously served alcoholic beverages at the Bakerstown Hotel while visibly intoxicated. Subsequently, the plaintiff filed the instant case seeking damages for his injuries.

Plaintiff filed a motion for leave to take discovery of net worth on April 12, 2002, wherein he requested leave to discover defendants' net worth for the purposes of presenting the issue of punitive damages to the jury. On April 15, 2002, plaintiff filed a motion in limine objecting to the basis of the defendants' expert witness' report and his potential testimony. Specifically, plaintiff objects to the information that Eric W. Fine M.D. relied upon in creating his report, including plaintiff's alleged record of drug and alcohol abuse, his use of pain medication, his DUI arrests, and his suspended driver's license. Plaintiff also objected to defendants' vocational rehabilitation expert, Martha Shaver M.S.'s, reliance on the above-mentioned information to make her report and as the potential basis of her testimony at trial.

4

Defendants filed an answer to plaintiff's motion for leave to take discovery of net worth on April 26, 2002. On May 8, 2002, plaintiff filed a motion to compel answers to expert witness interrogatories, seeking to compel defendants or Ms. Shaver to respond to his interrogatories. Defendants filed a reply to plaintiff's motion in limine on May 31, 2002.

On June 17, 2002, defendants filed a motion to compel production of documents, wherein they seek to discover plaintiff's drug and alcohol rehabilitation treatment records on the basis of *Kraus v. Taylor,* 710 A.2d 1142 (Pa. Super. 1998). Defendant argues that the records are discoverable because plaintiff places his life expectancy at issue by alleging that he sustained a permanent injury. Plaintiff filed a response to defendants' motion to compel production of documents in an omnibus brief filed on June 17, 2002. On the same date, plaintiff filed a motion to compel discovery seeking to compel defendants' or Dr. Fine's response to his interrogatories.

On June 18, 2002, plaintiff filed a reply to defendants' motion in limine to preclude reference to irrelevant and unreasonably prejudicial allegations of underage drinking at the Bakerstown Hotel at the trial of this matter. On June 20, 2002, plaintiff filed a supplemental omnibus brief that plaintiff's drug and alcohol treatment records are privileged under 71 P.S. §1690.108, 42 Pa.C.S. §6307, 42 Pa.C.S. §6352.1, and 42 U.S.C.S. §290dd-2 and its accompanying regulations. On June 21, 2002, plaintiff filed a motion in limine seeking to prevent defendant from introducing evidence that a pistol and gun were found in plaintiff's car on the night of the accident, plaintiff's treatment for drug and alcohol abuse, his prior DUI arrests, and his suspended driver's license.

Oral argument was held on the above issues on June 21, 2002.

## DISCUSSION

### Plaintiff's Motion for Leave to Take Discovery of Net Worth

Plaintiff argues that evidence of the defendants' net worth is appropriate to introduce to the jury on the issue of punitive damages. As such, plaintiff seeks discovery of defendants' tax records to ascertain defendants' net worth in preparation for introducing the issue of punitive damages to the jury. At oral argument, defendants stated that they were not opposed to producing relevant tax records, but that they preferred not to do so until the court makes the decision that the issue of punitive damages will go to the jury. Plaintiff agreed to delay discovery of defendants' net worth until it was clear that punitive damages were appropriate. Therefore, this issue is moot for the purposes of this opinion. The court will fashion an appropriate order for production of defendants' tax records if it becomes apparent that the issue of punitive damages is an appropriate one for the jury in this case.

### Plaintiff's Motion in Limine to Preclude the Testimony of Dr. Fine and Ms. Shaver

Plaintiff's request to exclude the testimony of defendants' experts, Dr. Fine and Ms. Shaver, is denied. This court finds that issues regarding the foundation of an expert's report, the weight of such report, and the inconsistencies contained in the report are issues that are adequately and appropriately addressed during the plaintiff's cross-examination of those witnesses at trial. Therefore, plaintiff's motion is denied.

6

*Plaintiff's Motion to Compel Response to*
*Interrogatories—Dr. Fine and Ms. Shaver*

At oral argument, plaintiff agreed to withdraw these motions upon the receipt of Dr. Fine's resume. Therefore, the court does not need to issue a ruling on these motions.

*Defendants' Motion to Compel*
*Discovery of Documents*

Defendants seek to compel plaintiff to produce records of his drug and alcohol treatment at Gateway and Abraxis rehabilitation centers. Defendants argue that *Kraus v. Taylor,* 710 A.2d 1142 (Pa. Super. 1998), permits discovery of this information when plaintiff places his life expectancy at issue in a case seeking to recover for permanent injury. Plaintiff argues that discovery of this information is privileged and precluded by Pennsylvania and federal confidentiality statutes. Defendants' motion is granted.

*Kraus* clearly permits the discovery of alcohol and drug treatment records where the plaintiff seeks damages for permanent injuries. *Kraus,* 710 A.2d at 1145. *Kraus* states that the relevance of such information outweighs its prejudice because an action for permanent damages requires the jury to evaluate the plaintiff's life expectancy and capacity for future earnings. *Id.* In the instant case, plaintiff is alleging that he suffered severe and permanent injury as the result of his accident, thus the jury will be required to evaluate his life expectancy and future earning capacity. Therefore, plaintiff's drug and alcohol treatment records are relevant and discoverable.

As to plaintiff's objection that the records are privileged, the *Kraus* court stated that the Pennsylvania statutory provisions relating to the confidentiality of drug and

alcohol treatment records do not prohibit discovery of those records. *Id.* The court stated it would be prejudicial to bar the defendant to access from those records because such records might mitigate the defendant's liability. *Id.* Plaintiffs seeking damages on the basis of personal injury waive the various statutory confidentiality privileges. *Id.* Therefore, by filing an action for damages for permanent injuries, plaintiff waived his Pennsylvania statutory privileges.

As for the federal privileges that defendant asserts, 42 U.S.C. §290dd-2 permits discovery of drug and alcohol treatment records upon a showing of good cause. The accompanying federal regulations state that good cause is shown where the plaintiff places those records at issue. 42 C.F.R. §§2.1-2.67. In *O'Boyle v. Jensen,* 150 F.R.D. 519 (M.D. Pa. 1993), the court permitted discovery of the decedent's drug and alcohol treatment records in a wrongful death action. The court stated that good cause existed where the claim itself implicates plaintiff's physical or mental condition. *Id.;* see also, *Mulholland v. Dietz Co.,* 896 F. Supp. 179 (E.D. Pa. 1994). By raising a claim of permanent injury, plaintiff has placed his physical and mental condition into question. Therefore, good cause exists for the discovery of plaintiff's drug and alcohol treatment records.

### Defendants' Motion in Limine

Defendants' motion in limine to exclude witness testimony from an underage patron in the defendants' establishment on the night of the accident is denied.

This court finds that any objections to the witness' testimony may properly be raised at trial and on cross-examination.

8

Accordingly, we enter the following:

## ORDER

And now, June 28, 2002, in consideration of the plaintiff's and defendants' motions, briefs and arguments thereon, and in accordance with the following memorandum opinion it is hereby ordered that the plaintiff's motions in limine are denied. Defendants' motion in limine is denied. Defendants' motion to compel is granted.

## ORDER

And now, June 28, 2002, plaintiff and defendants are directed to file questions for voir dire with the Honorable John H. Brydon by Friday, July 5, 2002.