## Appleman v. Feathers

C.P. of Blair County, nos. 2005 GN 1901; 2005 GN 1791.

*John Daley,* for plaintiffs Appleman.
*Jason Matzus,* for plaintiffs Morgan.
*Kenneth Newman* and *Dennis J. Stofko,* for defendants.

DOYLE, *J.,* February 23, 2006—This matter comes before the court on three motions filed by defendants Donald Feathers and Barnes Petroleum Products Inc. The motions include: motion to compel signing of medical, employment, and workers' compensation authorizations directed to plaintiff/additional defendant Douglas Morgan; motion to compel directed to the Appleman plaintiffs; and motion to strike the Appleman plaintiffs' insufficient answers to defendants' third set of interrogatories and to compel appropriate responses thereto. The court has reviewed the motions and their accompanying briefs as well as plaintiff Morgan's objection to the motion regarding authorizations. The court heard oral argument on the motions on February 14, 2006. The motions are ready for disposition.

## MOTION TO COMPEL SIGNING OF MEDICAL, EMPLOYMENT, AND WORKERS' COMPENSATION AUTHORIZATIONS DIRECTED TO PLAINTIFF/ADDITIONAL DEFENDANT DOUGLAS MORGAN

Defendants' first motion asks the court to require plaintiff/additional defendant Douglas Morgan to sign authorizations that would allow the defendants to obtain Morgan's medical and employment records directly from the individuals having custody of those records. Defendants argue that it is insufficient for Morgan's counsel to obtain the records and then provide Morgan's counsel

with copies of the "relevant" documents because Morgan has placed his medical and employment status at issue. Further, defendants argue that because Morgan claims total disability, his entire medical history is subject to discovery.

Morgan argues that it is improper procedure to allow defense counsel to review his medical records before his own counsel does. Morgan cites various common pleas decisions where judges rejected requests for the signing of broad medical releases in support of his position. Morgan indicates that he is not opposed to providing the defendants with the information they seek. The defendants concede that Morgan's counsel offered to provide them with the "relevant" documents after having reviewed them; however, they maintain that the scope of what is relevant to this case is broader than the scope of what Morgan's counsel intends to provide.

The scope of discovery in Pennsylvania is very broad. Pa.R.C.P. 4003.1(a) allows discovery of any matter, not privileged, which is relevant to the subject matter of the trial. Pa.R.C.P. 4003.1(b) further allows information to be discovered so long as it is reasonably calculated to lead to the discovery of admissible evidence. In cases where the plaintiff seeks damages for a personal injury, the plaintiff puts his medical condition at issue. Specifically, in this case, because Morgan is claiming total disability as the result of involvement in a car accident with defendants, any health issues that might have affected his ability to work the standard amount of years for a person of the same demographic are relevant to the action. *Kraus v. Taylor*, 710 A.2d 1142, 1143-44 (Pa. Super. 1998). Furthermore, the party claiming total disabil-

ity implicitly waives statutory privileges pertaining to the confidentiality of information relevant to his condition. *Id.* at 1145. (citations omitted) For these reasons, medical and employment information beyond information specifically related to Morgan's treatment for injuries arising out of this action is discoverable in this case. To the extent that Morgan is concerned that certain discoverable information may cause embarrassment to him, he is free to seek a protective order under Pa.R.C.P. 4012 to have certain information sealed if it is to be included in the public record of the case.

Merely declaring that the information sought by defendants is discoverable does not mean that the court is free to compel the signing of the authorizations. The court must first determine whether such authorizations are the proper method of obtaining the information. Although it is unclear whether the cases cited by Morgan in support of his contention that his attorney should be able to review the records in question before turning them over involved situations in which permanent disability was claimed, the court feels that they are very persuasive. Even in cases where a permanent disability is claimed, there are likely to be some medical records, which pertain neither to the injuries in question nor to the ability of the party in question to work. Hence, allowing unfettered access to an opposing party's health records risks allowing access to information that is not discoverable.

Cases cited by Morgan suggest that the proper procedure for discovery of medical records in cases where the right to confidentiality in those records has been waived is to allow the counsel for the plaintiff to review the docu-

ments and then provide the discoverable documents to the defendant. See *e.g., Greynolds v. McAllister,* 130 P.L.J. 414 (Allegheny Cty. 1982); *Arnone v. Acme Markets Inc.,* 1 D.&C.4th 281 (Phildelphia Cty. 1987); and *Talarico v. Montefiore Hospital,* 138 P.L.J. 210 (Allegheny Cty., 1990). Pa.R.C.P. 4009.12(b) provides adequate protection for parties who are concerned that opposing counsel's review of the documents might not result in all of the relevant documents being turned over. Under Rule 4009.12(a) and (b), counsel must respond to the request for documents by providing copies of the documents to which there is no objection, identify what documents were produced, identify what documents were not produced with reasonable particularity, indicate why those documents were not produced, and provide information respecting whether the documents provided and the documents identified but not provided constitute the entire group of documents responsive to the request that is in the responding party's control.

It is the opinion of this court that the procedure outlined in Rule 4009.12 should be sufficient in this case to precipitate the discovery of information concerning Morgan's medical and employment records. Additionally, the use of Rule 4009.12 is preferable to compelling Morgan to sign a release because it better preserves Morgan's right to privacy in any medical conditions he has not put at issue in this case and allows Morgan's counsel to carry out his duty to protect his client. However, the procedures of Rule 4009.12 will only work if Morgan's counsel recognizes that defendants are entitled to discovery of more than just those records relating to injuries suffered as a result of the instant car accident.

For this reason, the court emphasizes that medical records concerning both injuries resulting from this incident and medical records relating to any individual characteristics of Morgan that might affect the length of his productive work life are within the scope of discovery in this case.

For the foregoing reasons, the order below was entered with respect to the motion to compel the signing of medical, employment, and workers' compensation authorizations directed to David Morgan.

## MOTION TO COMPEL DIRECTED TO THE APPLEMANS

Defendant's second motion is directed toward the Appleman plaintiffs. Defendant initially requested that the court order plaintiffs to supply complete answers to seven parts of the first set of interrogatories, five parts of the second set of interrogatories, and five parts of the request for production of documents. At oral argument, the parties indicated that all the issues had been resolved except with respect to questions 10, 11, and 12 of the first set of interrogatories, and questions 19 and 20 of the request for production of documents. The parties were able to resolve all of the issues raised with respect to the second set of interrogatories.

Questions 10, 11, and 12 of the first set of interrogatories deal with various expenses incurred by the decedent, Ja'Net Appleman. Question 10 asks for an itemization of expenses from medical, hospital and funeral expenses. Question 11 asks for the amount per week the decedent spent on personal maintenance. Question 12

asks for the amount of other costs, expenses, and amounts regularly paid by the decedent. The information requested in these three questions is all within the scope of discovery. Pa.R.C.P. 4003.1. For this reason, the order below was entered with respect to the first set of interrogatories.

Questions 19 and 20 of the request for production of documents deal with information about Ja'Net Appleman's automobile insurance. Question 19 asks for documents relating to claims filed with the insurance carrier as a result of the accident. Question 20 asks for copies of any insurance policies in effect at the time of the accident. The information requested in these two questions is within the scope of discovery. Pa.R.C.P. 4003.1. For this reason the order below was entered with respect to the request for production of documents.

## MOTION TO STRIKE THE APPLEMAN PLAINTIFFS' INSUFFICIENT ANSWERS TO DEFENDANTS' THIRD SET OF INTERROGATORIES AND TO COMPEL APPROPRIATE RESPONSES THERETO

Defendants' third motion is also directed to the Appleman plaintiffs. Defendant alleges that it was inappropriate for the Appleman plaintiffs to respond to the entire third set of interrogatories by saying that discovery is continuing and they reserve the right to amend their answers. The Appleman plaintiffs' response is that it is premature for them to answer the questions that are asked at this stage of the proceedings. The third set of interrogatories requested information about the facts,

witnesses, and documents that the Appleman plaintiffs are relying on in support of the allegations in their complaint at paragraph 8, subparts (a) through (l), and paragraph 9, subparts (a) and (b).

Defendants cite *Frisby v. Zinner,* 49 D.&C.3d 115 (1987), for the proposition that it is inappropriate for a plaintiff to answer interrogatories with "investigation continuing." Although *Frisby* is not binding precedent on this court, the *Frisby* opinion cites to *Royster v. McGowen Ford Inc.,* a Superior Court case from 1982. *Royster* dealt with a situation in which a party failed to identify an expert witness and the substance of that expert's report. 294 Pa. Super. 160, 168, 439 A.2d 799, 803 (1982). The court in *Royster* specifically noted that a plaintiff might not have sufficient information to answer interrogatories that ask for the basis of their contentions during the early stages of discovery. *Id.* at 166. The *Royster* court also discussed the fact that Pa.R.C.P. 4007.4 placed a duty on the plaintiff to seasonally supplement the responses to interrogatories in cases where the plaintiff did not have sufficient information to answer an interrogatory at the time it was served. *Id.* at 167-68.

The information requested in the defendant's third set of interrogatories directed to the Appleman plaintiffs was discoverable. The Appleman plaintiffs should have provided full and complete answers to the third set of interrogatories because they did not object to them. See Pa.R.C.P. 4006(a)(2). Referring to the complaint and stating that discovery is ongoing does not constitute full and complete answers. It is permissible for the Appleman plaintiffs to state that they do not have information about specific subparts of the interrogatories if that is the case.

However, they are under a duty to supplement their responses when the information requested becomes available. See Pa.R.C.P. 4007.4. It is appropriate for the Appleman plaintiffs to respond to the third set of interrogatories as completely as they can at this stage of the proceedings. For these reasons, the order below was entered with respect to the defendants' motion to strike the Appleman plaintiffs' responses to the third set of interrogatories and compel appropriate responses thereto.

## ORDER

And now, February 23, 2006, it is hereby ordered, directed, and decreed as follows:

(1) Defendant's motion to compel signing of medical, employment, and workers' compensation authorizations directed to plaintiff/additional defendant Douglas Morgan is denied. The court notes that after reviewing his client's medical, employment, and workers' compensation information, counsel for plaintiff/additional defendant is obligated to turn over all discoverable information related to both the injuries from the car accident and any information that could affect the length of Mr. Morgan's productive life because he is claiming total disability. Counsel for plaintiff/additional defendant is further obligated to comply with Pa.R.C.P. 4009.12(a) and (b) in all respects. Plaintiff/additional defendant shall serve the discoverable portion of his medical, employment, and workers' compensation records on the defendants within 60 days from the date of this order.

(2) Defendant's motion to compel directed to the Appleman plaintiffs is granted with respect to questions

10, 11, and 12 of the first set of interrogatories. The Applemans are directed to serve complete responses to questions 10, 11, and 12 of the first set of interrogatories on the defendants within 30 days of the date of this order.

(3) Defendant's motion to compel directed to the Appleman plaintiffs is granted with respect to questions 19 and 20 of the request for production of documents. The Applemans are directed to serve complete responses to questions 19 and 20 on the defendants within 30 days of the date of this order.

(4) Defendant's motion to strike the Appleman plaintiffs' insufficient answers to defendants' third set of interrogatories and to compel appropriate responses thereto is granted. The Appleman plaintiffs' responses to the defendants' third set of interrogatories are hereby stricken. The Appleman plaintiffs are directed to file full and complete answers to the third set of interrogatories, verified in accordance with Pa.R.C.P. 4006(a)(1) within 30 days from the date of this order.