J-A03038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MITCHELL LAZORKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UPMC BEDFORD D/B/A UPMC | : | No. 1509 WDA 2021 |
| BEDFORD MEMORIAL AND UPMC, | : | |
| INC. | : | |

Appeal from the Judgment Entered December 15, 2021
In the Court of Common Pleas of Bedford County Civil Division at No(s):
2017-00753

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

CONCURRING STATEMENT BY BOWES, J.:          **FILED: April 25, 2024**

I join the Majority's decision to remand this matter for a new trial. I write separately to address the admission of evidence pertaining to Appellant's chronic use of alcohol and marijuana at his new trial.

It is well-settled that "evidence of a plaintiff's chronic history of substance abuse, while prejudicial, is probative of his or her life expectancy where permanent personal injury is alleged." *Callahan v. Nat'l R.R. Passenger Corp.*, 979 A.2d 866, 878 (Pa.Super. 2009) (citations omitted). However, the court must first determine whether the evidence proffered by the defendant indeed amounts to a history of chronic use. *Id*. at 878 (affirming the trial court's conclusion that two isolated instances of drug use did not amount to a history of chronic use). Additionally, if the court determines that the evidence establishes chronic use of something that is not

commonly considered a health hazard, the trial court may require an expert to present the evidence in order to explain its impact upon the plaintiff's future damages. *Id*. at 878-89 (discerning no "abuse of the trial court's discretion in requiring Amtrak to present its purported evidence of Callahan's dependence on prescription medications through a medical expert, since an opinion that such constituted substance abuse necessarily required specialized knowledge beyond that of a lay juror" (cleaned up)). Finally, relevant evidence of this kind may nonetheless "be excluded if its probative value is substantially outweighed by danger of unfair prejudice or confusion." *Kraus v. Taylor*, 710 A.2d 1142, 1144 (Pa.Super. 1998) (cleaned up).

Thus, before deeming any such evidence admissible at the new trial, I remind the trial court that it must: (1) assess whether UPMC's evidence sufficiently establishes that Appellant's use of alcohol or drugs was chronic; (2) determine whether expert testimony is required to explain its impact; and (3) balance the "potential prejudice against [its] probative value[.]" *Id.*